**GLAZIERS AND GLASSWORKERS UNION LOCAL 252 ANNUITY FUND, et al., Plaintiffs,**

v.

**NEWBRIDGE SECURITIES, INC., et al., Defendants.**

**Civ. A. No. 90–8101.**

United States District Court, E.D. Pennsylvania.

Jan. 27, 1993.

Gerald E. Arth, Ira B. Silverstein, Leslie M. Gerstein, Brian M. Fleischer, Lisa A. Carney, Fox, Rothschild, O'Brien & Frankel, and Kenneth M. Koloski, Reed Smith Shaw & Clay, Philadelphia, PA, for plaintiffs.

Christopher D. Warren, Conrad, O'Brien, Gellman, De Stefano & Rohn, Philadelphia, PA, Judith Welcom, Brown & Wood, Felice M. Batlan, John J. O'Connell, Stein, Zauderer, Ellenhorn, Frischer & Sharp, New York City, William A. De Stefano, De Stefano & Warren, P.C., Philadelphia, PA, for defendants.

Warren T. Pratt, Drinker, Biddle & Reath, Broad & Chestnut Streets, Philadelphia, PA, for movant.

Robert W. Hayes, Scott M. Waldman, Cozen & O'Connor, Philadelphia, PA, for cross-claimants.

Elizabeth H. Fay, Philadelphia, PA, for Janney Montgomery Scott, Inc., cross-defendant.

Anjali Jesseramsing, Geoffrey A. Kahn, Arthur Makadon, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, PA, for Provident Nat. Bank cross-defendant.

Walter R. Milbourne, Paula D. Shaffner, Saul, Ewing, Remick & Saul, Philadelphia, PA, for Jungers, O'Connell & Bacheler, P.C., John P. Jungers.

Patrick Matusky, Jennifer L. Haltzman, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for Equibank, Inc.

## MEMORANDUM

JOYNER, District Judge.

The plaintiffs, the Glaziers and Glassworkers Union Local 252's Annuity, Vacation, Pension and Health and Welfare Funds has filed a motion for reconsideration of this Court's Orders of December 3, 1992 in which the Court granted Defendants Jungers, O'Connell & Bacheler, P.C. and John P. Jungers' ("Jungers") motion to dismiss and Defendant Equibank's motion for judgment on the pleadings and to dismiss. The purpose of such a motion is to allow the court the opportunity to correct any manifest errors of law or fact or to present newly discovered evidence which would provide a basis for this Court to vacate, alter or modify said rulings. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Having reconsidered our December 3, 1992 rulings, we find that as to both the federal and state law claims of the plaintiffs' against Jungers and Equibank, our rulings are to remain in full force and effect. However, in light of the recent barrage of correspondence from counsel and the apparent ambiguity in our rulings, we will reconsider and clarify our decision regarding the cross-claims for indemnification and contribution filed by the defendants Richard L. Socket, James A. Williams, James A. Arsenault, Joseph T. Falotico, Edwin J. Berkowitz, Larry E. Golbeski, Joseph E. Davis, Bernard Galenberg, Joseph T. Ashdale, Barry Shore and Anthony D'Angelo (the "Trustees") against Jungers and Equibank.

■ Fed.R.Civ.P. 13(g) states that a cross claim may be asserted against a co-party who "is or may be liable to the cross-claimant." Thus, a cross-claim need not be mature at the time the cross-claim is originally asserted. Vol. 6 Wright, Miller & Kane, *Federal Practice & Procedure*, § 1431. The limitation on a party's right to assert a cross-claim is that the claim must be against a party to the action. A cross-claim cannot be asserted against a party who was dismissed from the action previous to the asser-

tion of the cross-claim. However, if the original claim against the party is dismissed on the merits, any cross-claims previously filed against that party may remain. *Fairview Park Excavating Co. v. Al Monzo Constr. Co.*, 560 F.2d 1122, 1126 (3d Cir.1977); *Impex Agricultural Commodities v. Leonard Parness Trucking, Corp.*, 582 F.Supp. 260, 262 (D.N.J.1984). Accordingly, even though plaintiffs' claims against Jungers and Equibank were dismissed on the merits, the Trustees cross-claims against these two defendants remain intact subject, of course, to this court's pending determination of Junger's and Equibank's motions to dismiss the cross-claims on the merits.

■ Within their Motion for Reconsideration, Plaintiffs alternatively request that we certify our December 3, 1992 Orders as final and appealable under Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b). Under Rule 54(b) in a case that involves multiple parties or claims, such as this, any order that adjudicates fewer than all of the claims is appealable only if it is a final judgment and "upon an express determination by the court that there is no just reason for delay." Furthermore, certification pursuant to this rule is not to be entered routinely or as a courtesy or accommodation to counsel. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980); *Allis–Chalmers Corp. v. Philadelphia Elect. Co.*, 521 F.2d 360, 363 (3d Cir.1975). The purpose of the rule is "to reduce the probability that delay will result in substantial hardship and unfairness to the parties." *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd. et al.*, 513 F.Supp. 1334, 1336 (E.D.Pa.1981). The rule grants the district court the discretionary power to afford a remedy in the "infrequent harsh case," *Allis–Chalmers*, 521 F.2d at 363, but only after weighing the dangers of the possibility that Rule 54(b) certification may encourage piecemeal appellate review. *Zenith Radio*, 513 F.Supp. at 1336. The plaintiffs in this case have failed to convince this court that they will be detrimentally effected or prejudiced if we do not certify our December 3, 1992 orders as final and appealable prior to the final adjudication of all of the claims

involved in this case. Indeed, but for the plaintiffs' request to consolidate the actions filed against each of the defendants, our December 3, 1992 orders would be appealable as of right under 28 U.S.C. 1291. Plaintiffs cannot ask this court to conclude at one time that the claims against the various defendants involved in this action all involve common questions of law and fact and then, later on, request that we find the claims against certain defendants to be so separate and distinct as to justify our certification of an interlocutory appeal. Moreover, in light of the Supreme Court's grant of certiorari to specifically decide this issue, *Mertens v. Hewitt Associates,* 948 F.2d 607 (9th Cir. 1991) *cert. granted* —— U.S. ——, 113 S.Ct. 49, 121 L.Ed.2d 19 (1992), the immediate appeal of this issue may even prove superfluous.

28 U.S.C. § 1292(b) permits certification of orders "not otherwise appealable" and which involve "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Although our reasoning in dismissing the claims against Jungers and Equibank clearly involves a question of law which at present is unsettled and subject to different conclusions, the plaintiffs have not presented any reason why certification of appeal would advance this litigation in any respect.

Accordingly, we deny plaintiffs request to certify our December 3, 1992 orders as final and appealable under either Rule 54(b) or § 1292(b).

An appropriate order follows.

### ORDER

AND NOW, this 26th day of January, 1993, upon consideration of plaintiffs' Motion for Reconsideration and Request to Certify this Court's December 3, 1993 Orders as Final and Appealable and the responses thereto, it is hereby ORDERED that:

1. The Motion is GRANTED in part and DENIED in part. Plaintiffs' claims against Jungers and Equibank are hereby DIS-MISSED and the Trustees' cross-claims against Jungers and Equibank REMAIN.

2. Plaintiffs' Request for Certification of this Court's December 3, 1992 Orders as Final and Appealable is DENIED.