CITY OF TAMPA, Plaintiff,

v.

FOURTH TUG/BARGE CORP., a corporation in personam, the ITB PHILADELPHIA, in rem, Bay Transportation Corp., d/b/a St. Philip Towing, in personam, d/b/a the TUG DOROTHY, in rem and the TUG AVON, in rem, and Joseph J. O'Connell, in personam, Defendants

Joseph J. O'CONNELL, Defendant/Third Party Plaintiff,

v.

TAMPA SHIPYARDS, INC., Third Party Defendant.

No. 92–1785–CIV–T–24C.

United States District Court, M.D. Florida, Tampa Division.

July 27, 1995.

Brooks Pettingill Hoyt, Hoyt, Colgan & Andreu, P.A., Tampa, FL, for plaintiff City of Tampa.

David J. Kadyk, Jack C. Rinard, MacFarlane, Ausley, Ferguson & McMullen, Tampa, FL, for defendants Fourth Tug/Barge Corp., ITB PHILADELPHIA.

Paul D. Hardy, Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for Bay Transp.

Nathaniel G.W. Pieper, Lau, Lane, Pieper, Conley & McCreadie, P.A., Tampa, FL, for defendant Joseph J. O'Connell, in personam.

David J. Kadyk, MacFarlane, Ausley, Ferguson & McMullen, Tampa, FL, for movant Sheridan Transportation.

Carl R. Nelson, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, William F. McGowan, Jr., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, PA, Tampa, FL, William Jones Miller, Law Office of William J. Miller, Tampa, FL, for third-party defendant Tampa Shipyards, Inc.

### *ORDER*

JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of the Motion of Sheridan Transportation Company for Joinder as Co–Party Cross-claimant (Dkt. 111) and the responses (Dkts. 115, 117, and 118).[1]

The above-entitled action concerns various claims, cross-claims and a third party complaint arising from a casualty which occurred when the ITB Philadelphia struck a seawall while maneuvering out of drydock. The court addresses only those facts relevant to the to the disposition of the pending motion.

Plaintiff brought its action for damages sustained to the seawall against Fourth Tug/ Barge Corp. (the corporation alleged to hold title of the ITB Philadelphia), Bay Transportation Corp. (the owner of the tugs assisting the ITB Philadelphia), and Joseph O'Connell (the pilot of the ITB Philadelphia).[2]

Fourth Tug/Barge brought cross-claims against Bay Transportation and O'Connell for damages sustained by the ITB Philadelphia as well as for indemnification, or in the alternative, contribution.

Sheridan Transportation Company ("Sheridan") moves the court for an order permitting it to join as co-party cross-claimant in the above entitled cause. Sheridan contends that at the time of the collision set forth in the complaint, the vessel ITB Philadelphia was owned by Fourth Tug/Barge. Sheridan also contends that it was recently established that the ITB Philadelphia was under bareboat charter to Sheridan and the damages and expenses sustained by the ITB Philadelphia as a result of the collision with the seawall were incurred and paid by Sheridan.

Therefore, Sheridan contends that it has a right to the relief set forth in the cross-claims of Fourth Tug/Barge and moves to be joined as a co-party crossclaimant. Sheridan contends that its addition as a co-party crossclaimant will not require any further pleadings or discovery. Sheridan stipulates that all the defense that have been asserted by any cross-defendant to the cross-claims of Fourth Tug/Barge shall apply to Sheridan.

O'Connell objects to Sheridan's motion for joinder to the extent that it requests joinder solely for the purpose of seeking affirmative relief as a cross-claimant. O'Connell submits that Sheridan should be joined as a co-party for all purposes because Sheridan may be a party having some responsibility for what occurred. O'Connell also requests that if Sheridan is permitted joinder, the parties be permitted to conduct discovery as to Sheridan's ownership.

Bay Transportation also objects to Sheridan's motion. Bay Transportation contends that Rule 13(g), Fed.R.Civ.P., applies and that Sheridan cannot be joined as a cross-claimant because it is not a party to the lawsuit. Additionally, Bay Transportation contends that discovery must be conducted as to Sheridan's involvement in the ownership and operation of the ITB Philadelphia.

Tampa Shipyards, Inc. also objects to the method by which Sheridan wishes to join the lawsuit. Tampa Shipyards contends that the bareboat charter dramatically alters the dis-

---

1. The parties have consented to proceed before the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c) and Fed.R.Civ.P. 73.

2. Non-jury trial has been ordered to commence November 13, 1995. (Dkt. 112).

tribution of control of and responsibility for the operation of the ITB Philadelphia. Tampa Shipyards contends that Sheridan should be required to file a motion to intervene as it is essentially the owner of the vessel and, if that motion is granted, it can then file cross-claims. Tampa Shipyards also requests that the parties should be afforded an opportunity to conduct discovery.

Rule 20(a), Fed.R.Civ.P, provides:

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

■■■■ If it is shown that a claim arises out of the same series of occurrences as a claim already brought, and the claims present common questions of law or fact, addition of a party is permissible under the rule. *Moore v. Comfed Sav. Bank*, 908 F.2d 834, 839 (11th Cir.1990). The court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice. *Arrington v. City of Fairfield, Ala.*, 414 F.2d 687, 693 (5th Cir.1969); *See also Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1692, 131 L.Ed.2d 556 (1995), *citing Arrington*, 414 F.2d at 693.

■ Sheridan, as the bareboat charterer of the ITB Philadelphia, has established that its claims arise out of the same transactions or occurrences as the above-entitled action. However, Sheridan does not request that it be joined as a plaintiff or defendant, as the rule provides. Instead, Sheridan requests that it be joined solely as a co-party to the cross-claims brought by Fourth Tug/Barge.

■ Rule 20(a) specifically provides for the addition of a *plaintiff* or *defendant*. The rule does not indicate, nor is there case law supporting Sheridan's claim that a party can be joined under Rule 20(a) as a co-party cross-claimant solely for the purposes of affirmative relief.

■ Moreover, Rule 13(g), Fed.R.Civ.P. addresses the issue of when a cross-claim may be brought. Under the rule a cross-claim may be brought by a *party* against a co-party. In *Glaziers and Glassworkers Union Local 252 Annuity Fund v. Newbridge Securities, Inc.*, 823 F.Supp. 1188, 1190 (E.D.Pa.1993), the court, in interpreting Rule 13(g), found that the limitation on a **party's** right to assert a cross-claim is that the claim must be against a party to the action. (emphasis added). Additionally, the court in *U.S. v. Thomas Steel Corp.*, 107 F.Supp. 418, 422 (N.D.Ohio 1952), stated that Rule 13(g) did not include "such a pleading by one who is not a party to the action."

Therefore, in order for Sheridan to join in the cross-claim, it must be already be a party to the action. As Sheridan is not a party to the original action and does not request joinder as a co-party for all purposes, it is procedurally inappropriate to join Sheridan in the cross-claims by Fourth Tug/Barge against the other parties. Sheridan cannot reap the benefit of affirmative relief yet not accept any of the burden of liability. If Sheridan requests joinder as a co-defendant, then it may renew its motion.

Accordingly, Sheridan's motion for joinder as a co-party cross-claimant is denied.

It is therefore ORDERED that:

, 1) The Motion of Sheridan Transportation Company for Joinder as Co–Party Cross-claimant (Dkt. 111) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED.