**PREMIER FOODS OF BRUTON, INC., a Florida Corporation, Plaintiff,**

v.

**CITY OF ORLANDO, a political subdivision of the State of Florida, Glenda Hood, individually, Community Pride, Inc., a Florida Corporation, Leroy Dennis, individually, and Walter Hawkins, individually, Defendants.**

No. 6:00–CV–99–0RL–18B.

United States District Court,
M.D. Florida,
Orlando Division.

April 19, 2000.

---

T. Geoffrey Heekin, S. Hunter Malin, Bartlett, Heekin & Smith, P.A., Jacksonville, FL, for Premier Foods of Bruton, Inc., a Florida corporation.

W. Scott Gabrielson, Office of Legal Affairs, City of Orlando, Julius L. Williams, Julius L. Williams, P.A., Robert E. Bonner, Meier, Lengauer, Bonner, Muszynski & Doyle, P.A., Orlando, FL, for City of Orlando, a political subdivision of the State of Florida, Glenda Hood, Community Pride, Inc., a Florida corporation, Leroy Dennis, and Walter Hawkins.

### ORDER

G. KENDALL SHARP, Senior District Judge.

Tim Adams, a pro se nonparty, moves (Doc. 44) to intervene in this case and raise claims of racial discrimination against the plaintiff, Premier Foods, Inc. Because Adams does not have a sufficient interest in this litigation, Adams' request must be denied.

In this action, Premier sues the City of Orlando, Mayor Glenda Hood, Community Pride, Inc., and two other defendants. Premier claims that they agreed to assist Premier in establishing a supermarket in a predominantly black neighborhood, but that, once Premier opened its store, the defendants persuaded community residents to boycott the store so that a black group could obtain ownership of the store at a substantially reduced price. Adams seeks to intervene in this case and raise claims that Premier engaged in certain discriminatory practices, which he will more thoroughly discover through litigation, that have harmed him as a "consumer," an "African–American," a "beneficiary, member, and officer" of Community Pride, and a past board member of several businesses in the community.

Intervention is "a procedure by which an outsider with an interest in a lawsuit may come in as a party though he has not been named as a party by the existing litigants." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1901 (2d ed.1986). Federal Rule of Civil Procedure 24 offers two varieties of intervention: intervention of right and permissive intervention. *See* Fed.R.Civ.P. 24(a)

(of right), 24(b) (permissive). Adams cannot qualify for either type.

■ A nonparty seeking intervention of right under Rule 24(a) must show that "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action ... may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1511 (11th Cir. 1996). Adams cannot satisfy the last three of these requirements.

■ As to the second requirement, a nonparty has a sufficient interest in the property or transaction at issue only when the nonparty has a "direct, substantial, legally protectable interest in the proceedings." *Worlds v. Department of Health and Rehabilitative Servs.*, 929 F.2d 591, 594 (11th Cir. 1991) (citations omitted). Adams does not have a "direct" or "substantial" interest in this case because the focus of this case is the agreement between the parties and the defendants' actions in interfering with Premier's business operations. In contrast, Adams' claims involve the effects of Premier's alleged discriminatory practices on Adams and the community in general.

Adams also cannot establish the third intervention requirement because he cannot show that disposition of this case will affect his ability to protect his own interests. Even if Premier obtains relief, Adams can still sue for any harm caused to him by Premier's alleged discriminatory practices.

Further, Adams fails to meet the fourth requirement because he does not explain why the defendants are unable to adequately represent his interests. This is particularly troublesome because Adams seeks to intervene in part as a member of defendant Community Pride, and he does not identify any reason why Community Pride cannot adequately represent its members' interests. In sum, Adams is not entitled to intervention of right because he does not have an interest in this case but instead asserts unrelated claims on behalf of the community.

■ Additionally, Adams cannot take advantage of the permissive intervention provisions in Rule 24(b). A party seeking to intervene under Rule 24(b) must show that "(1) its application to intervene is timely, and (2) its claim or defense and the main action have a question of law or fact in common." *See Cox Cable Communications v. United States*, 992 F.2d 1178, 1180 n. 2 (11th Cir. 1993). A court may in its discretion deny intervention even if these requirements are met. *See id.*

■ Here, the second requirement is not met because, again, Adams' grievances are general complaints about Premier's alleged discriminatory practices and are unrelated to the agreement at issue in this case. Even if his claims and the present case share a common issue of fact or law, the Court in its discretion declines to allow intervention because intervention will result in confusion of the issues.

■ To the extent that Adams seeks to join as a party under the joinder provisions in Federal Rules of Civil Procedure 19 and 20, this request must also be denied. A nonparty cannot on its own motion join as a party under Rule 19 or 20. *See Thompson v. Boggs*, 33 F.3d 847, 858 n. 10 (7th Cir.1994), *cert. denied*, 514 U.S. 1063, 115 S.Ct. 1692, 131 L.Ed.2d 556 (1995) (denying nonparty's motion for joinder under Rule 20); *Hubner v. Schoonmaker*, CIV. A. No. 89–3400, 1990 WL 149207, at *4 (E.D.Pa. Oct. 2, 1990) ("If an existing party is seeking to bring in an outsider the court should apply the joinder provisions of Rules 19 and 20; if the outsider is seeking to enter the suit of his own accord, the court should apply the intervention provisions set forth in Rule 24."); *City of Tampa v. Fourth Tug/Barge Corp.*, 163 F.R.D. 622, 624 (M.D.Fla.1995) (nonparty cannot file cross-claim and join additional parties under Rule 13(h); only parties can file cross-claims).

Based upon the foregoing, Adams' second amended motion to intervene (Doc. 44) is **DENIED**.