Lynn A. MURPHY, Plaintiff,

v.

KELLER INDUSTRIES, INC., Defendant and Third–Party Plaintiff,

v.

United States of America, Third–Party Defendant.

No. 95 CIV 7643 CBM.

United States District Court, S.D. New York.

June 21, 2001.

John G. Rusk, Rusk, Wadlin, Heppner & Martuscello, Kingston, NY, for Plaintiff.

Stephen C. Cunningham, Landman, Corsi, Ballaine & Ford, P.C., New York City, for Defendant.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

On July 28, 1995, plaintiff Lynn A. Murphy ("Murphy") filed an action against defendant/third-party plaintiff Keller Industries, Inc. ("Keller") in the Supreme Court of the State of New York, Orange County. On August 31, 1995, Keller removed this action, pursuant to 28 U.S.C. § 1441 and § 1332, to the United States District Court for the Southern District of New York. On December 28, 1998, Keller filed its third-party complaint against third-party defendant United States of America (the "Government"). The Government then filed a motion to dismiss or strike the third-party complaint on April 30, 1999.

This case, originally pending before Judge . Batts, was reassigned to this chambers on March 30, 2001.

The Government moves to dismiss the third-party complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, to strike the third-party complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. For the following reasons, the Government's motion to strike the third-party complaint pursuant to Rule 14(a) is GRANTED.

## I. BACKGROUND [1]

In 1994, Lynn Murphy was employed by the Army and Air Force Exchange Service ("AAFES"), a nonappropriated fund instrumentality ("NAFI") of the United States, as a warehouse worker at the United States Military Academy Post Exchange located in West Point, New York. On October 19, 1994, Murphy was thrown to the ground when the stepladder she was using, manufactured and distributed by Keller, buckled and collapsed beneath her, causing her to fall to the floor. While falling, Murphy's arm came into contact with a bolt sticking out of the shelving which caused severe and permanent injuries to Murphy's left arm. All of Murphy's medical and other expenses were covered by her workers' compensation carrier.

Plaintiff brings this action against Keller asserting claims based on negligence, strict product liability, and breach of warranty. Plaintiff does not assert any claim against the Government.

While this case was before Judge Batts, Keller indicated, on March 8, 1996, that it intended to implead plaintiff's employer, the Government. However, because Keller subsequently filed for bankruptcy under Chapter 11 in the United States Bankruptcy Court in Delaware on April 2, 1996, all proceedings against Keller were stayed. Keller subsequently filed a Stipulation For Resumption of Action.

On December 23, 1998, Keller served a third-party complaint against the Government, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Keller seeks indemnification and/or contribution for any liability for plaintiff's injuries, asserting that the injuries allegedly sustained by the plaintiff were the direct result of the negligence of the Government.

The Government now moves to dismiss this case for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the exclusivity provision of the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33

U.S.C.A. § 905(a), precludes an indemnity or contribution action. In the alternative, the Government moves to strike the Complaint for untimely joinder under Rule 14(a) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

### A. Rule 14(a)

Rule 14(a) of the Federal Rules of Civil Procedure provides in pertinent part:

At any time after commencement of the action a defending party ... may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

FED. R. CIV. P. 14(a). Leave of the court must be obtained to file a third-party complaint more than ten days after service of the original answer. *See id.* Whether to grant such a motion is left to the sound discretion of the district court. *See Rosario v. Amalgamated Ladies' Garment Cutters' Union,* 605 F.2d 1228, 1247 (2d Cir.1979). Rule 14(a) also allows the court to "strike the third-party claim." FED R. CIV. P. 14(a). The Rule thus authorizes a motion by the impleaded party challenging the district court's prior decision to allow the defendant to implead the third-party defendant. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1460, at 459 (2d ed.1990).

Although under Judge Batts' prior scheduling order, defendant Keller was authorized to implead the Government as a third-party defendant, this court now grants the Government's motion to strike the third-party complaint.

#### 1. New York Contribution Law

Rule 14(a) permits a defendant to implead a third-party defendant so long as the third-party defendant may become liable for all or part of the plaintiff's judgment. *See* FED. R. CIV. P. 14(a). This means that the impleader action must be dependent on

---

1. Unless otherwise noted, the following statement of the facts in this case is taken from the parties' moving papers

the main claim. *See Bank of India v. Trendi Sportswear, Inc.,* 239 F.3d 428, 438 (2d Cir. 2000). Federal impleader cannot "operate to enlarge the third-party plaintiff's right to recovery beyond that available under the controlling substantive law." *Andrulonis v. United States,* 26 F.3d 1224, 1233 (2d Cir. 1994).

In this case, defendant's effort to implead the Government as a third-party defendant under the theory of contribution displays a fundamental misunderstanding of New York contribution law. "Under New York law, the right to contribution does not arise in favor of the defendant unless and until the defendant pays the plaintiff an amount exceeding its equitable share of the primary judgment." *Andrulonis,* 26 F.3d at 1233. Therefore, for the Government to be liable to defendant for contribution, the Government's liability must necessarily be contingent on a finding that defendant is liable to plaintiff in the first instance. *See Andrulonis,* 26 F.3d at 1233 ("The defendant's claim for contribution is thus properly characterized as 'contingent.' ").

Here, it is undisputed that plaintiff's complaint does not allege that any of plaintiff's injuries were caused by the Government. Plaintiff does not assert any claims against the Government.[2] As such, defendant's contentions that the Government may be liable to it for part of plaintiff's claim against it is "simply meritless." *See Kenneth Leventhal & Co. v. Joyner Wholesale Co.,* 736 F.2d 29, 31 (2d Cir.1984). If, as asserted by defendant, plaintiff fell from the ladder for some reason unrelated to the ladder, then plaintiff's primary claim against defendant must be dismissed, thereby obviating any claim of contribution against the Government. If, on the other hand, plaintiff succeeds in proving that the ladder was defective, the Government still cannot be held liable to defendant under a theory of contribution or indemnification given that defendant's third-party complaint contains no allegation that the Government had anything to do with the design, manufacture, or sale of the allegedly defective ladder.

### 2. Delay by Defendant Keller in Impleading the Government

In addition to the above reason for striking defendant's third-party complaint against the Government, this court also notes that defendant's unexcused delay in filing its third-party complaint against the Government provides an additional basis for this court's decision to strike the third-party complaint.

In deciding whether impleader is appropriate, the following factors are relevant: "(1) whether the movant deliberately delayed or was derelict in filing the motion, (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." *Middle Market Financial Corp. v. D'Orazio,* 1998 WL 872412, at *2 (S.D.N.Y. December 15, 1998). Looking no further than the first factor, this court finds that defendant's unexplained delay in involving the Government in this action adequately substantiates this court's decision to strike defendant's third-party complaint.

Plaintiff's underlying action against defendant was filed in July of 1995. Under a scheduling order issued by Judge Batts, defendant had until April 8, 1996 to implead the Government. On April 4, 1996, defendant requested a two-week extension of time within which to implead the Government to allow defendant's counsel time to confirm that defendant had filed for bankruptcy. This request for an extension was granted. On April 15, 1996, defendant's counsel informed the court that defendant had filed for bankruptcy and, consequently, all actions against defendant were automatically stayed. *See Securities and Exchange Commission v. Brennan,* 230 F.3d 65, 70 (2d Cir.2000) ("Section 362(a) of Title 11 of the United States Code stays the commencement or continua-

---

**2.** Indeed, plaintiff cannot assert any claims against the Government under the workers' compensation scheme of the Longshore and Harbor Workers' Compensation Act ("LWHCA"), 33 U.S.C. § 905(a), which precludes plaintiff from suing the Government for work-related injuries where, as here, she has been paid workers' compensation benefits pursuant to the LWHCA.

tion of virtually all proceedings against a debtor . . . .").

Given the automatic stay of the action against defendant, defendant requested that its time to implead the Government be extended until 20 days after the bankruptcy court lifted the automatic stay. The court granted this request. The Delaware Bankruptcy Court approved defendant's plan or reorganization on August 25, 1998; however, defendant did not file its third-party complaint against the Government until December 28, 1998.

Under Judge Batts' scheduling order, as amended, defendant's time to implead the Government expired 20 days after the bankruptcy stay was lifted. Because defendant's reorganization plan was confirmed on August 25, 1998, the automatic stay was lifted by operation of law at that time. *See, e.g., In re Turning Point Lounge, Ltd.,* 111 B.R. 44, 46 (Bkrtcy.W.D.N.Y.1990). Defendant's argument that the bankruptcy stay was not lifted until December 1998 when plaintiff and defendant entered into a stipulation to lift the stay ignores the fact that the stay had already been lifted by operation of law. Therefore, defendant's third-party complaint, filed three months after the bankruptcy stay was lifted, is untimely. *See, e.g., East Hampton Dewitt Corp. v. State Farm Mutual Automobile Ins. Co.,* 490 F.2d 1234, 1246 (2d Cir.1973) ("The court acted well within the discretion afforded by F.R.Civ.P. 14(a) in denying the first motion [to implead third-party defendant] as untimely."); *National Westminster Bank PLC v. Empire Energy Management Systems, Inc.,* 1996 WL 709763, at *9 (S.D.N.Y. December 10, 1996) (finding that a stay in the proceedings does not excuse an unexcused delay in serving a third-party complaint).

This court also notes that in addition to its delay in filing its third-party complaint, defendant has conducted discovery in this matter, such as taking depositions, without informing the Government, despite defendant's acknowledged intent to implead the Government. Defendant's only excuse for its actions was oversight. This excuse is insufficient to explain defendant's failure to file its third-party complaint in a timely manner and is insufficient to explain defendant's exclusion of a party it was seeking to implead from pre-trial discovery. *See, e.g., CSA Capital, Inc. v. Mountbatten Surety Co.,* 1997 WL 760515, at *2 (S.D.N.Y. December 9, 1997) (denying impleader request where defendant failed to explain tardiness in filing third-party complaint).

**B. Rule 12(b)(1)**

Having granted the Government's motion to strike the third-party complaint pursuant to Federal Rule of Civil Procedure 14(a), there is no need for this court to consider the Government's Rule 12(b)(1) motion to dismiss the third-party complaint.

**III. CONCLUSION**

For the reasons stated above, third-party defendant's motion to strike the third-party complaint is GRANTED. The Clerk of the Court is directed to strike the third-party complaint. The remainder of the action shall continue.

SO ORDERED.