## In re LIVENT SECURITIES LITIGATION.

Nos. 98 Civ. 5686(VM), 99 Civ. 2292(VM), 98 Civ. 7161(VM), 99 Civ. 9425(VM).

United States District Court, S.D. New York.

March 5, 2002.

Seth Richard Lesser, and Barry Lax, Richard J. Kilsheimer, Kaplan, Kilsheimer & Fox, LLP, New York City, for Phyllis Rosen.

Mark J. Stein, Harvey L. Pitt, Fried, Frank, Harris, Shriver & Jacobson, Ronald A. Nimkoff, Harvey B. Silikovitz, Schecter & Nimkoff, LLP, New York City, for Garth Dubinsky, Myron Gottlieb.

John T. Behrendt, Peter Justus Beshar, Aric Hugo Wu, Lee Gordon Dunst, Gibson, Dunn and Crutcher, L.L.P., New York City, for Deloitte & Touche LLP.

Jonathan Rosenberg, Bradley Jay Butwin, James L. Burns, O'Sullivan, L.L.P., New York City, for Martin Goldfarb.

Carole A. Broderick, Berger & Montague, Philadelphia, PA, for Myron Harris.

Daniel Adam Osborn, Russell H. Beatie, Beatie and Osborn, New York City, Andrew L. Barroway, Schiffrin & Barroway, Bala Cynnyd, PA, for Rocco Carrano, David N. Stone, Khris Klimek, Daniel W. Krasner, Jeffrey Parsons, The Ruth Salit Trust, Theodore Rubin, Naomi Rubin, Martin Pizzuti, David Milton, Steven Friedland, Susan Stevens, Angeline Lombardo, Martin Grossman, Jeff Housenbold, Steven Walsh, Arthur James Griffin, III.

Leon P. Gold, Leslie J. Harris, Proskauer, Rose, L.L.P., New York City, for Daniel D. Brambilla.

William H. Gussman, Jr., Howard O. Godnick, Stacy P. Aronowitz, Schulte, Roth & Zabel, L.L.P., New York City, for CIBC Wood Gundy Securities, Inc.

Greg A. Danilow, Sofia Giatrakos, Weil, Gotschal & Manges, New York City, for H. Garfield Emerson.

D. Brian Hufford, Pomerant Haudek Block Grossman & Gross LLP, New York City, for H. Garfield Emerson, A. Alfred Taubman.

James S. Dittmar, Sanford F. Remz, William J. Connolly, III, Hutchins, Wheeler & Ditmar, Boston, MA, for Joseph L. Rotman, Thomas H. Lee, JamesA. Pattison, Scott Sperling.

Brian Hufford, Pomerant Haudek Blcok Grossman & Gross, LLP, New York City, for Gordon Eckstein, Robert Topal, H. Garfield Emerson, A. Alfred Taubman, CIBC Oppenheimer.

Stanley M. Grossman, Patrick V. Dahlstrom, Pomerantz, Haudek, Block, Grossman & Gross, LLP, New York City, Lionel Z. Glancy, Peter A. Binkow, Donald R. Wager, Los Angeles, CA, for Dorian King.

Mario Aieta, Garvey Schubert & Barer, New York City, for Cerberus Capital Management.

Charles A. Gilamn, Cahill Gordon & Reindel, New York City, for Painewebber Inc., Furman Selz.

## *ORDER*

MARRERO, District Judge.

For the reasons set forth in the "Statement of the Court," attached and incorporated herein, issued on the record at the March 4, 2002 status conference in this matter, it is hereby

**ORDERED** that the request of defendants Drabinsky and Gottlieb for leave to file a motion to dismiss in the Rieger Action, Docket No. 99 Civ. 9425 is DENIED; and it is further

**ORDERED** that the request of·defendants Drabinsky and Gottlieb for leave to file cross-claims and third-party claims is DENIED. **SO ORDERED.**

*Statement of the Court In re Livent Securities Litigation 98 Civ. 5686, 98 Civ. 7161, 99 Civ. 2292, 99 Civ. 9425 3/4/02*

This conference is intended to address the request for a pre-motion conference brought by defendants Garth Drabinsky and Myron Gottlieb, through their counsel Schechter & Nimkoff. In their January 3, 2002 correspondence to the Court, defendants Drabinsky and Gottlieb seek leave to file a motion to dismiss and to engage in substantial third-party practice against sixteen individuals or entities. The Court endorsed the January 3, 2002 letter and directed the parties to respond. Subsequently, the Court received a number of responses objecting to the applications sought by defendants Drabinsky and Gottlieb.

The Court has carefully reviewed the application of defendants Drabinsky and Gottlieb, the various objections to that application, and the relevant case law. In light of the Court's review and the parties' arguments on the record today, the Court is prepared to rule on defendants' application to file a motion to dismiss and to engage in third-party practice.

■ I will turn first to the request by defendants Drabinsky and Gottlieb to file a motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure in the "Rieger" action, Docket No. 99 Civ. 9425. As a threshold matter, the Court notes that under the rules in this Circuit, defendants are not technically entitled to bring a motion under rule 12(b)(6) at this stage in the litigation. It is well-settled that motions brought under rule 12(b) generally refer to motions filed before interposing an answer. The record here reflects that defendants Drabinsky and Gottlieb have already filed answers to the Rieger complaint on April 18, 2000 and June 9, 2000, respectively. The Court finds it inherently suspect that defendants Drabinsky and Gottlieb now wish to file motions to dismiss for failure to state a claim a full year and a half after interposing answers to the operative complaint. Furthermore, defendants Drabinsky and Gottlieb have proposed to move almost six months after this Court comprehensively

addressed motions to dismiss brought by co-defendants in the Rieger action.

In the circumstances present here, that is a proposed motion to dismiss made after the filing of answer, the Second Circuit has held that the proper vehicle for making such a motion is rule 12(c), which would permit defendants, in theory, to file a motion for judgment on the pleadings. *See National Ass'n of Pharmaceutical Mfrs., Inc. v. Ayerst Labs.*, 850 F.2d 904, 909 n. 2 (2d Cir.1988). Although the Court could treat a motion for failure to state a claim under rule 12(c) as if it were, for all intents and purposes, a rule 12(b)(6) motion, rule 12(c) nevertheless contains an explicit condition which is crucial in assessing the propriety of defendants' proposed motion. Rule 12(c) unambiguously states that a motion for judgment on the pleadings may be made "after the pleadings are closed *but within such time as not to delay the trial.*" Fed.R.Civ.P. 12(c) (emphasis supplied).

■ The Court finds that under the circumstances present here defendants' proposed motion to dismiss would unduly delay the pending proceedings and would unnecessarily tax the resources of the parties and this Court. The Court notes that these aspects of this matter already have been through two rounds of motions to dismiss by various defendants, including the proceedings before Judge Sweet which exhaustively addressed numerous initial objections to the sufficiency of the complaints herein. During each of these rounds, Drabinsky and Gottlieb had ample opportunity to raise whatever objections they now seek to interpose. An additional round of motions to dismiss at this point would require protracted briefing and reconsideration of matters that the Court has already comprehensively addressed in its Decisions and Orders issued on June 29, 2001.

In addition, the Court might be persuaded to entertain motions to dismiss if such motions had the potential to narrow the issues before the Court and thereby result in more efficient proceedings down the road. That is not the case here, however. In its June 29, 2001 Decision in the Rieger action, the Court found unequivocally that the "epicenter of ... the rings of culpability ... are Livent's chief management executives who masterminded the alleged wrongs," that is, defendants Drabinsky and Gottlieb. *In re Livent Noteholders Securities Litigation*, 151 F.Supp.2d 371, 384 (S.D.N.Y.2001). Therefore, the likelihood is remote that Drabinsky and Gottlieb would have genuine issues to bring to the Court's attention that have not already been dealt with comprehensively by the Court's earlier rulings. A new motion to dismiss therefore would likely be futile.

In short, to the extent that defendants Drabinsky and Gottlieb feel that they are entitled to the benefit of motion practice to narrow the issues, that motion should have been made long ago and could have been made when their co-defendants diligently sought such relief. In light of the timing of defendants' application, the delay that would result from their proposed motion and in recognition of the defendants' occupancy of the center ring of potential culpability, the Court denies defendants Drabinsky's and Gottlieb's request for leave to file a motion to dismiss in the Rieger action.

I now turn to defendants' application for leave to file cross-claims and third-party claims in all four pending actions. In their January 3, 2002 letter, defendants Drabinsky and Gottlieb identify sixteen parties against whom they seek to assert either cross-claims or third-party claims for either indemnification or contribution. Their application is inherently unclear in that it fails to specify which grounds are

asserted against each of the sixteen individuals or entities. Nevertheless, upon reviewing defendants' application on its face, the Court is convinced that there is no sufficient grounds to grant leave to assert cross-claims or third-party claims.

■ As a threshold matter, I find that defendants' application for cross-claims and third-party practice is untimely. The four operative complaints in this matter were filed in 1998 and 1999. As noted earlier, defendants Drabinsky and Gottlieb filed answers in April and June 2000, respectively. Both defendants filed amended answers in November 2001. Between the filing of their answers and the formal request for third-party practice, over six months went by after the Court's Decisions of June 29, 2001. At a minimum, defendants Drabinsky and Gottlieb have had knowledge of facts upon which to move for third-party practice for a year and a half. Therefore, the proposed cross-claims and third-party claims are untimely and permitting them would delay the pending proceedings.

Under similar circumstances, Courts in this District have consistently denied leave to assert third-party claims. *See Murphy v. Keller Indus., Inc.*, 201 F.R.D. 317 (S.D.N.Y.2001); *see also Richardson Greenshields Securities, Inc. v. Lau*, 113 F.R.D. 608 (S.D.N.Y.1986). On this basis alone, leave to assert cross-claims and third-party claims may be denied.

Furthermore, the Court notes that even if defendants' application was timely made, most, if not all, of the claims that Drabinsky and Gottlieb seek to make would be futile.

■ As the parties have noted, cross-claims under rule 13(g) of the Federal Rules of Civil Procedure may only be asserted against a "co-party." Courts have unanimously held that once a defendant has been dismissed from the action, that defendant ceases to be the "co-party" of another defendant for rule 13(g) purposes. *See Wake v. United States*, 89 F.3d 53, 62–63 (2d Cir.1996); *see also Glaziers and Glassworkers Union v. Newbridge Securities, Inc.*, 823 F.Supp. 1188, 1190 (E.D.Pa. 1993). Therefore, to the extent that Drabinsky and Gottlieb contemplated cross-claims against parties who have been dismissed either by this Court's ruling or by stipulation among the parties, those claims are untenable.

■ With respect to defendants' claims of indemnification, the Court concurs with the long line of cases which hold that a defendant in a securities fraud action is prohibited from availing himself of indemnification. Permitting claims of indemnification by alleged perpetrators of fraud would run counter to the paramount policy objectives of the securities laws to punish violators and to deter fraudulent conduct. Thus, the Second Circuit has held that "it is well established that one cannot insure himself against his own reckless, wilful or criminal misconduct." *Globus v. Law Research Service, Inc.*, 418 F.2d 1276, 1288 (2d Cir.1969), *cert. denied*, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970).

In *Gabriel Capital, L.P. v. Natwest Finance, Inc.*, 137 F.Supp.2d 251, 268 (S.D.N.Y.2000), the Court further elaborated on the reasons why third-party claims for indemnification fail as a matter of law in the securities fraud context. In essence, a defendant in a securities fraud case is faced with two prospects: he may ultimately be found not liable for the alleged fraud, in which case there is no liability to indemnify; or he may be found liable to plaintiffs for securities violations. In either case, indemnification is unwarranted because in the first instance, there is no liability to indemnify and in the second, a finding of liability would necessarily entail a finding of defendant's own reckless or knowing fraud, which would preclude

indemnification. This is the exact situation which defendants Drabinsky and Gottlieb face now, and for these reasons, the Court finds that no claim of indemnification against any party is warranted under the circumstances.

■ The defendants' proposed claims for contribution suffer from a similar defect. Although courts in this circuit have recognized an implied right of contribution in the context of securities fraud, the scope of that right is narrowly tailored to contribution from *"joint tortfeasors." See In re Leslie Fay Companies, Inc. Securities Litigation,* 918 F.Supp. 749, 755 (S.D.N.Y. 1996). It would be difficult, in fact almost legally impossible, for Drabinsky and Gottlieb to assert valid claims for contribution against most of the sixteen parties because the Court has already determined that many of them could not as a matter of law be liable to plaintiffs for securities fraud and because the Court has already dismissed them from the action.

■ As the Court noted in *Gamla Enterprises North America v. Lunor–Brillen Design U. Vertriebs GMBH,* 54 U.S.P.Q.2d 1097, 2000 WL 193120, *5 (S.D.N.Y. Feb.17, 2000), the decision whether to grant third-party practice under rule 14(a) is a matter within the sound discretion of the trial court. Given the defendants' untimely application for cross-claims and third-party claims and the substantial legal shortcomings in the defendants proposed claims as discussed above, the Court finds that it would be unfair, wasteful and perhaps futile to grant defendants' application.

As a final matter, the Court acknowledges that several parties have opposed the application of defendants Drabinsky and Gottlieb on the grounds that the fugitive disentitlement doctrine operates as a bar to their requested relief. The Court agrees with the parties in that the conduct of Drabinsky and Gottlieb raises a sub-stantial question as to the propriety of their attempt to absorb the resources of this Court and the parties for their benefit.

The Court notes that Drabinsky and Gottlieb were indicted in absentia in a separate criminal proceeding brought in this District. Drabinsky and Gottlieb, citizens of Canada, fled the United States before the issuance of the indictment and have never returned to face the charges brought before them. This conduct appears to bring them within the legal definition of fugitivity as set forth in *In re Grand Jury Subpoenas,* 179 F.Supp.2d 270 (S.D.N.Y.2001) and *U.S. v. All Funds on Deposit in Any Accounts Maintained at Merrill Lynch, Pierce, Fenner & Smith,* 801 F.Supp. 984 (E.D.N.Y.1992), *aff'd* 6 F.3d 37 (2d Cir.1993), *cert. denied* 510 U.S. 1191 (1994).

The Court notes, however, that the application of the fugitive disentitlement doctrine in this case falls into a gray area that has not been addressed in this Circuit. While it is clear that the fugitive defendants would not be entitled to prosecute an appeal in this related civil proceeding, it is unclear because of the Supreme Court's decision in *Degen v. United States,* 517 U.S. 820, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996), whether the fugitive disentitlement doctrine would bar the specific application of defendants here—that is, motion practice and third-party practice. Although this Court is confident that the defendants' application requests affirmative relief of the kind that would be barred by the fugitive disentitlement doctrine, the Court finds it unnecessary to reach this conclusion in light of the Court's denial of defendants' requested relief on the grounds set forth above.

For all of the foregoing reasons, the Court denies the application of defendants Drabinsky and Gottlieb for leave to file a motion to dismiss the Rieger complaint as

against them and denies leave to assert cross-claims and third-party claims against the sixteen parties identified in their January 3, 2002 letter.