STATE OF MAINE  
PENOBSCOT, SS.

SUPERIOR COURT  
CIVIL ACTION  
Docket No. CV-02-153  
JLH - PEN- 5/9/2003

Simon Wesley Francis et al.,  
    Plaintiffs

DONALD L. C        GHT  
LAW LIBRARY

    v.                             Order

JUN 1 1 2003

Illinois Union Insurance Co.,  
    Defendant

FILED & ENTERED  
SUPERIOR COURT  
MAY 09 2003  
PENOBSCOT COUNTY

Pending before the court are the motions of EMC Mortgage Corporation to dismiss a cross-claim filed against it by defendant Illinois Union Insurance Co. and EMC's motion for enlargement of time to respond to a request for production of documents propounded by Illinois Union.

Additionally, Illinois Union has filed a motion for judgment on the pleadings on counts 2 (negligence) and 3 (fraud) of the plaintiffs' original complaint and their first amended complaint. The plaintiffs did not object to that motion and filed a second amended complaint, which was allowed without objection from Illinois Union, that omitted the challenged claims. Illinois Union's motion is therefore moot.

EMC was one of the original party-defendants in this action, along with Illinois Union. EMC filed a motion to dismiss the plaintiffs' claims against it. That motion was granted by an order that was dated January 30, 2002, and entered the following day. By virtue of that order, the plaintiffs' claims against EMC and another defendant were dismissed without prejudice. As of that time, the plaintiffs' claims were the only ones pending against EMC. On February 19, 2003, Illinois Union filed a cross-claim against EMC. In that cross-claim, Illinois Union brought a claim for contribution or indemnification for any amounts that the plaintiffs might recover through their direct claims against Illinois Union. Within the time allowed to file a responsive pleading, EMC filed the motion to dismiss. In part, EMC's motion is grounded on an argument

1

that because it was not a party to this action at the time when Illinois Union filed its cross-claim against it, the cross-claim is not proper.

Under M.R.Civ.P. 13(g), a cross claim may be filed only against a "co-party." Although EMC was dismissed as a party nearly three weeks prior to the time Illinois Union filed the cross-claim, Illinois Union contends that the January 31 order of dismissal did not have the effect of a final judgment under the provisions of M.R.Civ.P. 54(b). On that basis, Illinois Union argues that EMC was still a party at the time it filed the cross-claim (and, for that matter, that EMC is a party even as of today). There is some secondary support for this position: "In the absence of a Rule 54(b) certificate any order or other form of decision, however designated by the court, that adjudicates. . .the rights and liabilities of fewer than all the parties does not terminate the action as to any of the. . .parties under Rule 54(b)." 10 WRIGHT, MILLER AND KANE, Federal Practice and Procedure § 2660 at p. 139 (1998). However, courts that have addressed this issue head-on appear to have reached a different conclusion. Those courts have reasoned that upon the dismissal of all claims that previously had been asserted against a putative cross-claim defendant, that party is no longer a "co-party" to the action within the meaning of rule 13(g), and consequently no longer exposed to a cross-claim. *See, e.g., Wake v. United States*, 89 F.3d 53, 62-63 (2d Cir. 1996); *In re: Livent Securities Litigation*, 193 F.Supp.2d 750, 754 (S.D.N.Y. 2002); *Glaziers and Glassworkers Union Local 252 Annuity Fund v. Newbridge Securities, Inc.*, 823 F.Supp. 1188, 1190 (E.D. Pa. 1993). None of these cases have noted that a rule 54(b) certification of final judgment is a predicate to the conclusion that a cross-claim cannot be filed against that dismissed party.

If the law on this point is uncertain, then the court finds the positions reached by the courts themselves to be superior. Under Illinois Union's analysis, a dismissal would have little meaning: a purportedly dismissed party, notwithstanding an order of dismissal, could be required to participate fully as a party throughout the duration of the proceedings, including at trial. If a court concludes that claims against a party should be dismissed, then it makes little sense for the claimant to be able to pursue those claims further, unless and until the claims are reinstated on appeal or otherwise.

2

Therefore, the court concludes here that as of January 31, EMC no longer had the status of a "co-party" for purposes of rule 13(g) and that Union Illlinois did not have the right to bring a cross-claim against it.

Further, because a request for production of documents can be propounded only on a party, *see* M.R.Civ.P. 34(c), EMC is not required to respond to that discovery request initiated by Illinois Union.

The entry shall be:

For the foregoing reasons, the motion of EMC Mortgage Corporation to dismiss the cross-claim filed against it by defendant Illinois Union Insurance Co. is granted. The cross-claim is dismissed.

Because it is no longer a party to this action, EMC shall not be required to respond to the request for production of documents propounded to it by Illinois Union.

Illinois Union's motion to dismiss counts 3 and 4 of the plaintiffs' complaint is dismissed as moot.

Dated: May 7, 2003

Justice, Maine Superior Court
Jeffrey L. Hjelm

3

**DOCKET RECORD**

SIMON WESTLEY FRANCIS  - PLAINTIFF
1670 BROADWAY
BANGOR ME 04401
Attorney for: SIMON WESTLEY FRANCIS
WILLIAM M FLETCHER
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: SIMON WESTLEY FRANCIS
JONATHAN DOOLITTLE
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

KAREN FRANCIS  - PLAINTIFF
1670 BROADWAY
BANGOR ME 04401
Attorney for: KAREN FRANCIS
WILLIAM M FLETCHER
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: KAREN FRANCIS
JONATHAN DOOLITTLE
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

VS
ILLINOIS UNION INSURANCE COMPANY - DEFENDANT
C/O MAINE BUREAU OF INSURANCE STATE HOUSE STATION
AUGUSTA ME 04333
Attorney for: ILLINOIS UNION INSURANCE COMPANY
DAVID C KING
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401

EMC MORTGAGE CORPORATION - DEFENDANT
P O BOX 660735
DALLAS TX 04401
Attorney for: EMC MORTGAGE CORPORATION
DAVID CHAMBERLAIN
AINSWORTH & THELIN PA
7 OCEAN ST
PO BOX 2412
SOUTH PORTLAND ME 04116-2412

Printed on: 05/09/2003