# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRACI HILBERT, EDITH SHANAHAN, and RAYMOND SHANAHAN, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. N18C-08-287 CLS |
| v. | ) ) | |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and NADINE BARRELL, | ) ) ) ) | |
| Defendants. | ) | |

Date Submitted: February 11, 2022
Date Decided: March 9, 2022

*Upon Plaintiffs' Motion for Partial Dismissal.* **GRANTED.**

## ORDER

Edward C. Gill, Esquire, Law Office of Edward C. Gill, P.A., Georgetown, Delaware, 19947, Attorney for Plaintiffs, Traci Hilbert, Edith Shanahan and Raymond Shanahan.

Tracy A. Burleigh, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, 19899, Attorney for Defendant, Metropolitan Group Property and Casualty Insurance Company.

**SCOTT, J.**

1

This 9th day of March 2022, upon consideration of Plaintiffs' Traci Hilbert, Edith Shanahan, and Raymond Shanahan ("Plaintiffs") Motion for Partial Dismissal, and Defendant's Metropolitan Property and Casualty Insurance Company ("Metropolitan") Response, it appears to the Court that:

1. Plaintiffs filed their Complaint on August 30, 2018, naming Metropolitan and Nadine Barrell ("Ms. Barrell") as defendants. Metropolitan filed an Answer which included a Crossclaim against Ms. Barrell.

2. Plaintiffs were unable to serve Ms. Barrell and Metropolitan was unable to serve its Crossclaim on Ms. Barrell. Ms. Barrell is now deceased. Neither Plaintiffs nor Metropolitan requested an enlargement of time to attempt to serve Ms. Barrell or in the alternative, her estate.

3. Plaintiffs moved for Ms. Barrell to be dismissed due to the inability to serve her.

4. Metropolitan did not object to Ms. Barrell being dismissed from Plaintiffs' suit, however, Metropolitan opposes the dismissal of its Crossclaim against Ms. Barrell as it seeks subrogation.

5. Dismissal of Ms. Barrell from Plaintiffs' suit does not bar nor does it dismiss Metropolitan's Crossclaim against Ms. Barrell if Metropolitan's Crossclaim against Ms. Barrell was properly brought.

2

6. Like its federal counterpart, Superior Court Civil Rule 13(g) allows a party to file cross claims against "co-parties."[1] Courts have held "[a] cross-claim cannot be asserted against a party who was dismissed from the action previous to the assertion of the cross-claim."[2] That said, "dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant."[3] Put simply, where a crossclaim is properly filed against a co-party, the crossclaim will "not cease to be so because the party to whom they were addressed subsequently ceased to be a co-party."[4]

7. Therefore, if Metropolitan's Crossclaim was properly brought against Ms. Barrell as a co-party, this Court may dismiss Ms. Barrell from Plaintiffs' action without disrupting Metropolitan's Crossclaim against Ms. Barrell. However, here, Ms. Barrell and Metropolitan are not co-defendants because

---

[1] See Del. Super. Ct. Civ. R. 13(g); Fed. R. Civ. P. 13. See also *Samoluk v. Basco, Inc.*, 1989 WL 135703, at *1–2 (Del. Super. Ct. Nov. 3, 1989) (acknowledging that federal cases interpreting Rule 13 are "helpful" because Delaware's version is "substantially the same as" the Rule 13 under the Federal Rules).

[2] *Washington House Condominum Ass'n of Unit Owners v. Daystar Sills, Inc.*, 2017 WL 3412079, at *9 (Del. Super. Ct. Aug. 8, 2017) citing *Wake v. United States*, 89 F.3d 53, 63 (2nd Cir.1996) (quoting *Glaziers & Glassworkers Union v. Newbridge Secs.*, 823 F. Supp. 1188, 1190 (E.D.Pa.1993)).

[3] *Id.* citing *Samoluk*, 1989 WL 135703, at *1-2 (Del. Super. Ct. Nov. 3, 1989).

[4] *Id.* citing *Samoluk*, 1989 WL 135703, at *1-2 (Del. Super. Ct. Nov. 3, 1989) ((quoting *Frommeyer v. L. & R. Const. Co.*, 139 F. Supp. 579, 586 (D.N.J. 1956)).

Ms. Barrell was never served, thus was never a party to this suit. Thus, Metropolitan's Crossclaim against Ms. Barrell fails and will not be a part of this action.

8. Superior Court Civil Rule 41(a)(2) provides in pertinent part that "an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper." Therefore, a motion for voluntary dismissal under Rule 41(a)(2) "will not be granted as a matter of right, rather, it is directed to the sound discretion of the Court."[5] In exercising its discretion, the Court is obliged to act in such a way as to "secure substantial justice to both parties."[6] Generally, motions for voluntary dismissal are granted unless doing so would cause defendants to suffer "plain legal prejudice."[7] Because Ms. Barrell was never served and therefore was never made a part of the suit, the Court feels dismissal is proper under Rule 6 for failing to serve Ms. Barrell within 120 days of Plaintiffs' filing of their Complaint.

---

[5] *AT & T Wireless Servs., Inc. v. Federal Ins. Co.*, 2005 WL 2155695, at *3 (Del.Super.).
[6] *Lunn v. United Aircraft Corp.*, 26 F.R.D. 12, 13 (D.Del.1960); *Draper v. Gardner Defined Plan Trust*, 625 A.2d 859, 863 (Del.1993).
[7] *Draper*, 625 A.2d at 863.

9. Therefore, the Plaintiffs' Motion for Partial Dismissal of Ms. Barrell is **GRANTED,** and Metropolitan's Crossclaim is not preserved in this proceeding.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**