IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2013 Term

_____

No. 12-0203

_____

**FILED**

**September 12, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

DAN CAVA, STEVEN HALL,
SONNY NICHOLSON, AND
DAN'S CAR WORLD LLC, d/b/a
DAN CAVA'S TOYOTA WORLD,
Defendants and Third-Party Plaintiffs Below, Petitioners

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
Third-Party Defendant and Counter-Plaintiff Below, Respondent

_____

Appeal from the Circuit Court of Marion County
The Honorable David R. Janes, Judge
Civil Action No. 09-C-110
AFFIRMED

_____

Submitted: September 4, 2013
Filed: September 12, 2013

Gregory H. Schillace, Esq.                  Don C.A. Parker, Esq.
Schillace Law Office                        Glen A. Murphy, Esq.
Clarksburg, West Virginia                   Charity K. Flynn, Esq.
Counsel for Petitioners Dan Cava,           Spilman Thomas & Battle, PLLC
Steven Hall and Dan's Car World             Charleston, West Virginia
                                            Counsel for Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.

CHIEF JUSTICE BENJAMIN concurs and reserves the right to file a separate opinion.

## SYLLABUS BY THE COURT

1. A trial court may, in exercising its discretion whether to allow a party to file a third-party complaint pursuant to Rule 14(a) of the *West Virginia Rules of Civil Procedure*, consider the following factors: (1) the potential prejudice to the original plaintiff or to the third-party defendant; (2) whether a third-party complaint would delay or unduly complicate the trial; (3) the timeliness of the motion; (4) judicial efficiency; and (5) whether the proposed third-party complaint states a claim upon which relief can be granted.

2. A third-party complaint requesting a declaratory judgment that an insurance policy provides coverage and that an insurance company has a duty to defend, may, in the discretion of the trial court, be allowed.

JUSTICE KETCHUM:

The petitioners, who are the defendants/third-party plaintiffs below, Dan Cava,

Steven Hall, Sonny Nicholson, and Dan's Car World, LLC, d/b/a Dan Cava's Toyota World

("petitioners"), appeal from an order entered January 3, 2012, by the Circuit Court of Marion

County. The circuit court granted summary judgment to the respondent, who is the third-

party defendant below, National Union Fire Insurance Company of Pittsburgh, PA ("National

Union"). The circuit court concluded, *inter alia*, that the claims contained in the petitioners'

third-party complaint were not derivative of the claims asserted in the underlying lawsuit.

After thorough review, we affirm the circuit court's summary judgment order.

## I. FACTUAL & PROCEDURAL BACKGROUND

Johnnie Fluker, Jr. filed a lawsuit against the petitioners on April 3, 2009,

alleging that he was wrongfully terminated from his employment with the petitioners.[1] The

petitioners reported Mr. Fluker's lawsuit to their insurance carrier, National Union, four days

later, but National Union did not respond until November 11, 2009, when it sent a denial of

---

[1]Mr. Fluker's complaint alleged that (1) he was subjected to a racially hostile work environment, (2) his employment had been wrongfully terminated following an altercation that occurred in April 2007, (3) he was the victim of racial discrimination and retaliation in connection with the April 2007 altercation, (4) the termination of his employment breached his employment agreement with the petitioners, and (5) the petitioners failed to pay certain moneys owed to him upon the termination of his employment.

coverage letter to the petitioners' lawyer.[2]  Therefore, the petitioners defended the lawsuit without the assistance of their insurance carrier, National Union.

On June 24, 2010, the petitioners filed a motion requesting leave to file a third-party complaint against National Union.  The petitioners' proposed third-party complaint against National Union set forth two tort causes of action: (1) common law "bad faith" and (2) violations of the West Virginia Unfair Trade Practices Act ("UTPA"), arising from National Union's denial of coverage.  The third-party complaint did not contain a count for declaratory judgment requesting a finding that there was coverage under the National Union policy or even a general request that the court find coverage and order National Union to defend the lawsuit.  In November 2010, the circuit court granted the petitioners' motion to file a third-party complaint.  The petitioners filed their third-party complaint on December 3, 2010.

National Union filed an answer and counterclaim to the petitioners' third-party complaint on January 19, 2011.  Seven months later, National Union filed a motion for summary judgment, arguing that the petitioners' third-party complaint alleging common law bad faith and UTPA violations was tortious in nature and subject to the one-year statute of limitation set forth in *W.Va. Code* § 55-2-12(c) [1959].  National Union argued that the third-party complaint should be dismissed because it did not derive from Mr. Fluker's underlying

[2]National Union denied coverage on the ground that Mr. Fluker's claim against the petitioners was not made during the policy period.

2

wrongful termination claim and it was not filed within one year of the denial of coverage. In support of this argument, National Union cited Syllabus Point 1 of *Wilt v. State Auto. Mut. Ins. Co.*, 203 W.Va. 165, 506 S.E.2d 608 (1998), in which this Court held "[c]laims involving unfair settlement practices that arise under the Unfair Trade Practices Act, West Virginia Code § 33-11-1 to -10 (1996 & Supp.1997) are governed by the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c) (1994)." Similarly, National Union cited Syllabus Point 4 of *Noland v. Virginia Ins. Reciprocal*, 224 W.Va. 372, 686 S.E.2d 23 (2009), which states "[t]he one year statute of limitations contained in W.Va. Code § 55-2-12(c) (1959) (Repl. Vol. 2008) applies to a common law bad faith claim."

National Union argued that the statute of limitations on the petitioners' common law bad faith and UTPA claims began to run on November 11, 2009, the date it sent the denial of coverage letter to the petitioners' lawyer. Because the petitioners filed their third-party complaint on December 3, 2010, more than one year after receiving the denial of coverage letter, National Union asserted that the complaint was untimely filed.

By contrast, the petitioners stated that their third-party complaint was connected to Mr. Fluker's wrongful termination claim and was timely filed pursuant to *W.Va. Code* § 55-2-21 [1981], which states, in relevant part,

> After a civil action is commenced, the running of any statute of limitation shall be tolled for, and only for, the pendency of that civil action as to any claim which has been or may be asserted therein by . . . . third-party complaint[.]

3

Because the circuit court granted their motion to file a third-party complaint and because the petitioners subsequently filed the complaint during the pendency of the underlying wrongful termination action, the petitioners argued that the statute of limitation was tolled based on the plain language contained in *W.Va. Code* § 55-2-21. In support of their position, the petitioners cited *J.A. Street & Associates, Inc. v. Thundering Herd Development, LLC*, 228 W.Va. 695, 724 S.E.2d 299 (2011), in which this Court considered whether an engineering firm's cross-claims filed against a contractor were time-barred pursuant to *W.Va. Code* § 55-2-21. The Court held in Syllabus Point 8 of *J.A. Street* that "[p]ursuant to *W.Va. Code* § 55-2-21 (1981) (Repl.Vol.2008), during the pendency of a civil action, the statute of limitation shall be tolled as to any cross-claim that has been or may be asserted therein." The Petitioners' argued that the circuit court should apply Syllabus Point 8 of *J.A. Street* to its third-party complaint and conclude that it was timely filed based on the non-discretionary, mandatory language contained in *W.Va. Code* § 55-2-21.

The circuit court rejected the petitioners' argument and granted National Union's motion for summary judgment. The circuit court made the following findings in its summary judgment order:

> 17. The Court finds and concludes as a matter of law that the Third-Party Complaint is an independent action because the Third-Party Complaint against National Union is not derivative of the claims asserted in Plaintiff Johnnie Fluker, Jr.'s original Complaint.
>
> 18. The Court finds and concludes as a matter of law that West Virginia Code § 55-2-21 does not apply to toll the statute

4

of limitations applicable to Third-Party Plaintiffs' bad faith claims against National Union.

19. The Court finds and concludes as a matter of law that the statute of limitations on the bad faith claims expired on November 11, 2010 and that those claims are therefore barred.

The circuit court reversed its previous ruling and held that the third-party complaint was not proper because it was not derivative of the original wrongful termination claim. The circuit court concluded that there was no logical relationship between the wrongful termination claim and the third-party complaint filed by the petitioners that only alleged the torts of common law bad faith and UTPA violations arising from National Union's denial of coverage. After entry of the circuit court's summary judgment order, the petitioners filed the present appeal.

**II. STANDARD OF REVIEW**

This Court has long held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In conducting our *de novo* review, we apply the same standard for granting summary judgment that is applied by the circuit court: "A motion for summary judgment should be granted only where it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Moreover, "[s]ummary judgement is appropriate where the record taken as a whole could not

lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus Point 4, *Painter*, *supra*.

Guided by the foregoing, we proceed to consider the arguments of the parties.

## III.  ANALYSIS

On appeal, the petitioners argue that the circuit court erred in its ruling that *W.Va. Code* § 55-2-21 does not apply to toll the statute of limitations.  Conversely, National Union argues that the bad faith and UTPA claims contained in the third-party complaint are not derivative of the wrongful termination claim and that the circuit court correctly held that these are independent tort causes of action subject to the one-year statute of limitation contained in *W.Va. Code* § 55-2-12(c).

Our review of this matter starts with Rule 14(a) of the *West Virginia Rules of Civil Procedure*.[3] Rule 14(a) states that at any time after commencement of an action a

---

[3]The full text of Rule 14(a) states
> [a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to

(continued...)

defending party, as a third-party plaintiff, may serve a summons and complaint upon a person that is not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's "claim" against the third-party plaintiff. "The purpose of Rule 14(a), West Virginia Rules of Civil Procedure, permitting impleader of a third party defendant by the original defendant, is to eliminate circuity of actions when the rights of all three parties center upon a common factual situation." Syllabus Point 1, *Bluefield Sash & Door Co., Inc. v. Corte Const. Co.*, 158 W.Va. 802, 216 S.E.2d 216 (1975), *overruled on other grounds*, *Haynes v. City of Nitro*, 161 W.Va. 230, 240 S.E.2d 544 (1977).

---

[3](...continued)

all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make any defenses to the third-party defendant plaintiff's claim as provided in Rule 12 and any counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert any defenses as provided in Rule 12 and any counterclaims and cross-claims as provided in Rule 13. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to the third party for all or part of the claim made in the action against the third-party defendant.

This Court discussed the type of "claim" that meets the requirements of Rule 14(a) in *Magnet Bank, F.S.B. v. Barnette*, 187 W.Va. 435, 436-37, 419 S.E.2d 696, 697-98 (1992), stating:

> We have not had occasion to discuss in any detail the type of claim which the defendant must assert to meet the requirement of Rule 14(a) that the third-party defendant "is or may be liable to him for all or part of the plaintiff's claim[.]" The federal courts have considered this question and in 3 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 14.07(1) at 14-45-46 (1991), this summary is given:

> > "Thus, 'claim' is defined transactionally, and has nothing to do with the legal theory upon which a party relies. The fact that the third-party complaint may be based upon a different legal theory from the underlying case is irrelevant; the question is whether the assertion of liability against the third-party defendant is derivative of the same transaction, occurrence or nucleus of operative fact as the underlying claim by the plaintiff. If the transactional relatedness is present, impleader is proper even if the third-party complaint will be tried to the court while the underlying action will be tried to a jury. In sum, it is clear that the remedial purpose of Rule 14 requires that it be interpreted liberally to promote its underlying purposes."

Since the petitioners sought to file the third-party complaint more than ten days after they filed their original answer, Rule 14(a) required that they (1) file a motion seeking the circuit court's permission to file the third-party complaint and (2) serve the motion on the plaintiff, Johnnie Fluker, Jr. Rule 14(a) did not require that the proposed third-party defendant, National Union, be notified or attend the hearing on the motion.

8

The petitioners filed their motion to file the third-party complaint against National Union and served only the plaintiff.[4] The circuit court conducted a hearing on the motion and had to determine whether to allow the petitioners to file their third-party complaint. "Impleader under Rule 14(a) is permissive and not mandatory." Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure,* § 14(a) at 443 (4th Ed. 2012). "The provisions for impleader under Rule 14(a) . . . are within the sound discretion of the trial court*.*" Syllabus Point 2, in part, *State ex rel. Leung v. Sanders,* 213 W.Va. 569, 584 S.E.2d 203 (2003).

In exercising its discretion whether to grant a motion for impleader, there are a number of factors a circuit court may consider. "[W]here the third party procedure may create confusion or cause complicated litigation involving separate and distinct issues the trial court does not abuse its discretion in refusing to allow impleader under third party practice." Syllabus Point 5, in part, *Bluefield Sash & Door Co.*, *supra*. Further, impleader "should not be allowed if there is a possibility of prejudice to the original plaintiff or the third party defendant." Syllabus Point 3, in part, *Id*.

In *Shamblin v. Nationwide Mut. Ins. Co.*, 183 W.Va. 585, 396 S.E.2d 766 (1990), we noted other issues a circuit court could consider in deciding whether to grant impleader. The Court in *Shamblin* upheld the circuit court's denial of an impleader motion

---

[4]The plaintiff did not oppose the filing of the third-party complaint against National Union.

based on the following: (1) the defendant's unexplained delay in filing the motion shortly before the trial which would have prejudiced the plaintiff had it been granted, (2) the strong possibility of confusion of the issues because the third-party complaint was based on legal malpractice and the underlying action was a bad faith insurance claim, and (3) the defendant was not precluded from filing a separate action for indemnification and/or contribution.

Courts outside of our jurisdiction have also set forth equities to consider when presented with a request to file a third-party complaint. In *Murphy v. Keller Industries, Inc.*, 201 F.R.D. 317 (S.D.N.Y. 2001), the court listed the following factors it considered in determining whether to grant a motion for impleader: (1) whether the movant deliberately delayed or was derelict in filing the motion, (2) whether impleading would delay or unduly complicate the trial, (3) whether impleading would prejudice the third-party defendant, and (4) whether the proposed third-party complaint states a claim upon which relief can be granted. Similarly, in *NuVasive, Inc. v. Renaissance Surgical Center North, L.P.*, 853 F.Supp.2d 654, 659 (S.D.Tex. 2012), the court stated, "The factors applied when deciding whether to allow a third-party complaint include prejudice placed on the other parties, undue delay by the third-party plaintiff, lack of substance to the third-party claim, and advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues)."

It has also been stated that "a timely application for impleader should be granted except when it will delay or disadvantage the existing action or the third-party claim obviously lacks merit." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1443

10

at 352-53 (3d ed. 2010). *Federal Practice and Procedure* notes that "[s]ufficient prejudice to warrant denial of impleader may be present when bringing in a third party will introduce unrelated issues and unduly complicate the original suit." *Id*. at 357. *Federal Practice and Procedure* further states that a court applying the rule should "endeavor to effectuate the purpose of Rule 14, which means that impleader should be allowed if it will avoid circuity of action and eliminate duplication of suits based on closely related matters." *Id*. at 351-52.

Based on all of the foregoing, we hold that a trial court may, in exercising its discretion whether to allow a party to file a third-party complaint pursuant to Rule 14(a) of the *West Virginia Rules of Civil Procedure*, consider the following factors: (1) the potential prejudice to the original plaintiff or to the third-party defendant; (2) whether a third-party complaint would delay or unduly complicate the trial; (3) the timeliness of the motion; (4) judicial efficiency; and (5) whether the proposed third-party complaint states a claim upon which relief can be granted.

By order entered November 12, 2010, the circuit court granted the petitioners' motion to file the third-party complaint. Since the motion was unopposed, the circuit court's order granting the petitioners' motion did not include any analysis of whether the bad faith and UTPA claims contained in the third-party complaint were derivative of the original wrongful termination claim. It simply granted the motion to file the third-party complaint. Based on this initial ruling, the statute of limitation that applies was contained in *W.Va. Code* § 55-2-21, which states that any statute of limitation for a claim contained in a third-party

11

complaint "shall be tolled" during the pendency of the underlying civil action. Because their third-party complaint was filed during the pendency of the underlying wrongful termination claim, the petitioners' third-party complaint was timely filed based on the plain language contained in *W.Va. Code* § 55-2-21.

Later in its summary judgment motion, National Union asserted that the petitioners' third-party complaint was improper because the alleged bad faith and UTPA claims were tortious in nature, were not derivative of the original wrongful termination claim and should have been brought in a separate lawsuit rather than in a third-party complaint. National Union argued that because these claims were actually independent causes of action and were filed more than one year after the claims arose, the petitioners' lawsuit was not timely filed and was properly dismissed.

The circuit court analyzed National Union's argument that the bad faith and UTPA claims were not derivative of the original wrongful termination claim pursuant to Syllabus Point 9 of *J.A. Street*, *supra*, which states:

> To determine whether a cross-claim arises out of the same transaction or occurrence as the original action, there are three nonexclusive factors to be considered: (1) the identity of the facts and law between the initial claim and the cross-claim; (2) the mutuality of proof and whether substantially the same evidence will support or refute both the complaint and the cross-claim; and (3) the logical relationship between the original claim and the cross-claim.

After considering these three factors, the circuit court concluded that the petitioners' bad faith and UTPA claims were not derivative of the original wrongful termination claim and

12

therefore should not have been brought in a third-party complaint. The circuit court essentially reversed its earlier ruling granting the petitioners' motion to file a third-party complaint. Based on this ruling, the circuit court concluded that both the bad faith and UTPA claims were subject to the one-year statute of limitation contained in *W.Va. Code* § 55-2-12(c) and were not timely filed.

We do not find that the circuit court abused its discretion in dismissing the third-party complaint. The petitioners' tort action against National Union is not derivative of the original wrongful termination claim and should have been brought in a separate lawsuit. We note, however, that if the third-party complaint had requested that the circuit court find that there was coverage under the policy and/or find that National Union had a duty to defend the petitioners in the underlying wrongful termination claim, the petitioners would have had a strong argument that the third-party complaint was proper. Federal courts have found that impleader is proper when a third-party complainant seeks a declaratory judgment against an insurer after an insurance company has refused to defend. "When the insurer disclaims liability and refuses to defend on behalf of the insured, the federal courts uniformly recognize the propriety of impleader." *Federal Practice and Procedure* § 1449 at 461-62. *Federal Practice and Procedure* notes that a few federal district courts have refused to allow impleader under these circumstances out of concern that it could cause delay or confusion. After noting these limited exceptions to the general rule allowing a defendant to implead his insurer, *Federal Practice and Procedure* concludes that

13

> [r]ather than refusing impleader, however, the better approach might be to allow impleader as a matter of course in this situation and then, with an eye toward effective judicial administration and fairness to the parties, to determine later whether a severance or separate trials should be ordered as is expressly authorized by Rule 14(a)(4).

*Id.* at 463.

This "better approach" of allowing impleader as a matter of course when an insurer disclaims liability and refuses to defend on behalf of the inured, is consistent with this Court's holding in *Christian v. Sizemore*, 181 W.Va. 628, 383 S.E.2d 810 (1989). In *Christian*, a plaintiff brought a personal injury action following an automobile accident and filed a motion to amend her complaint to add a declaratory judgment count against the defendants' insurer. In Syllabus Point 4 of *Christian*, the Court held that "[a] declaratory judgment claim with regard to the defendant's insurance coverage may be brought in the original personal injury suit rather than by way of a separate action." The Court in *Christian* noted that "we see no particular procedural impediment in permitting the declaratory judgment claim with regard to the defendant's insurance coverage to be brought in the original personal injury suit rather than by way of separate action." *Christian*, 181 W.Va. at 633, 383 S.E.2d at 815.

In addition, allowing impleader as a matter of course when an insurer refuses to defend on behalf of the insured serves a number of purposes. First, it eliminates circuity of actions. Next, it would prevent a potential time lag between a judgment against a defendant in one action and a judgment in the defendant's favor against the insurer in a

14

subsequent action. Finally, it would require the insurer to be a party to the case and be apprised of the evidence that develops during the lawsuit, thus allowing the insurer to evaluate its position in light of all of the facts.

While the federal courts generally allow a defendant to bring a third-party complaint as a matter of course when an insurance company denies coverage and refuses to defend, our cases identify several factors that may weigh against the allowance of a third-party complaint. *See Shamblin, supra*. It remains within the sound discretion of the trial court, after weighing all of the relevant factors, whether to allow a defendant to file a third-party complaint. We therefore hold that a third-party complaint requesting a declaratory judgment that an insurance policy provides coverage and that an insurance company has a duty to defend, may, in the discretion of the trial court, be allowed.

Although the petitioners' third-party complaint did not seek insurance coverage and only sought tort damages, the motion to file the third-party complaint was filed within one year of the denial of coverage. The Legislature has enacted a savings statute providing that a lawsuit in which the initial pleading was timely filed that is subsequently dismissed for any reason not based upon the merits of the case, may be re-filed within one year. *W.Va. Code* § 55-2-18(a) [2001], in part, states

> [f]or a period of one year from the date of an order dismissing an action . . . . a party may re-file an action if the initial pleading was timely filed and (i) the action was involuntarily dismissed for any reason not based upon the merits of the action[.]

15

*W.Va. Code* § 55-2-18(a) is a highly remedial statute that should be liberally construed to allow a party who has filed a timely action to have their case decided on the merits. *See Employers Fire Ins. Co. v. Biser*, 161 W.Va. 493, 242 S.E.2d 708 (1978). Even when there is a dismissal of a suit because of a misjoinder, the plaintiff has one year from the date of the dismissal to file a new lawsuit because he/she is protected from the statute of limitations by *W.Va. Code* § 55-2-18(a). *Siever v. Klots Throwing Co. of West Virginia*, 101 W.Va. 457, 132 S.E. 882 (1926).

The petitioners' third-party complaint was timely filed based on the circuit court's initial ruling and was not later dismissed based upon the merits of the action.[5] We therefore conclude that pursuant to *W.Va. Code* § 55-2-18(a), the petitioners may file a new, independent lawsuit containing their bad faith and UTPA claims against National Union.[6]

---

[5]The petitioners sought leave to file their bad faith and UTPA claims well within the one year statute of limitations that governed these claims. For reasons not apparent in the record, there was a five month delay before the court ruled on the petitioners' motion to file the third-party complaint. The court's ruling was favorable to the petitioners, and thus they reasonably believed they could file the third-party complaint at any time during the pendency of the underlying wrongful termination lawsuit – which they did, approximately one month later. The respondents contend, in essence, that when the court subsequently reversed itself, a trap door opened and the petitioners' claims died. We disagree. We do not believe that a litigant should lose the right to bring a cause of action solely as a result of his or her good faith reliance on a court's ruling, notwithstanding that the ruling is later reconsidered and reversed.

[6]We do not understand why the petitioners did not file a declaratory judgment action requesting that the trial court determine whether there was insurance coverage. Generally, a court must find that there is coverage before there can be common law bad faith and UTPA claims against an insurance company.

In calculating the time period the petitioners have to file this independent action based on *W.Va. Code* § 55-2-18(a), the period during the pendency of this appeal should not be computed in applying the statute of limitations. *See Atkinson v. Winters*, 47 W.Va. 226, 34 S.E. 834 (1899).

## IV.  CONCLUSION

Based on all of the above, we affirm the circuit court's January 3, 2012, order granting summary judgment in favor of National Union.  However, pursuant to *W.Va. Code* § 55-2-18(a), the petitioners may file an independent lawsuit against National Union.

Affirmed.