# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David M. Smith and Doris Smith**
**Third-Party Plaintiffs Below, Petitioners**

**vs)  No. 15-0228** (Fayette County 14-C-96H)

**The Velotta Company and Safety Caution**
**Equipment Co.,**
**Third-Party Defendants Below, Respondents**

**FILED**

**February 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners David M. Smith and Doris Smith, by counsel James D. McQueen, Jr., and Christopher Heavens, appeal the February 11, 2015, order of the Circuit Court of Fayette County granting respondents' motions to dismiss. Respondent The Velotta Company ("Velotta"), by counsel James D. Stacy, II, responds in support of the circuit court's order. Respondent Safety Caution Equipment Co., ("Safety Caution"), by counsel Melvin F. O'Brien and Michelle B. Skeens, also responds in support of the circuit court's order. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners' claims arise from an April 11, 2012, motor vehicle accident which occurred on U.S. Route 19, near Mount Hope, West Virginia. At the time of the accident, Petitioner David Smith was a commercial truck driver and was operating a tractor-trailer vehicle for his employer William Thomas Allen d/b/a William Thomas Allen Trucking ("Allen Trucking"). Petitioner Smith was traveling in the outside lane of Route 19, approaching a road construction site, when traffic slowed in front of him. Mr. Smith was unable to stop his vehicle before it struck a vehicle operated by James A. Murdock.[1] At all times relevant hereto, Respondent Velotta was a contractor working on the road construction project in the area where the accident occurred. Respondent Safety Caution Equipment Co. ("Safety Caution") was a subcontractor of Velotta that worked on implementation of a portion of the temporary traffic control plan in place around the accident site.

---

[1]Ultimately, the Smith vehicle struck two temporary concrete barriers, crossed the outside barrier of a bridge, and fell onto an embankment below the bridge.

On April 2, 2014, James A. Murdock, and his wife Barbara, filed the underlying civil action in the circuit court of Fayette County against Petitioner David Smith (and his employer) for damages arising from the accident. On August 18, 2014, petitioners filed a third-party complaint and impleaded respondents into the underlying civil action.[2] The Murdocks then filed cross-claims against respondents. Thereafter, petitioners also filed cross-claims against respondents.[3] Respondents (separately) filed motions to dismiss petitioner's third-party complaint and cross-claims.

By order dated February 11, 2015, the Fayette County Circuit Court dismissed petitioners' third-party complaint and cross-claims. In its order, the circuit court ruled that

> [a]t the time of the accident on April 11, 2012, the [t]hird-[p]arty [p]laintiff David Smith knew that he had been involved in an accident and that he was injured as a result. As indicated in the police report, the accident occurred in a work zone. The plaintiffs attached to their opposition brief certain medical records of David Smith's treatment following this accident. Those records clearly demonstrate that Mr. Smith had knowledge of the accident, the manner in which it occurred, and the fact that he was injured as a result.

It is from the February 11, 2015, order that petitioners now appeal.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995).[4] Moreover, "[t]he trial court, in appraising the sufficiency of a complaint on a

---

[2]Petitioners' third-party complaint was filed in Fayette County Circuit Court four days after petitioners' Kanawha County action against respondents was dismissed (as that action was filed outside of the two year statute of limitations set forth in West Virginia Code § 55-2-12). In their third-party complaint, petitioners asserted identical claims against respondents to those that had been asserted by petitioners in their Kanawha County action. Petitioners' appeal of the Kanawha County Circuit Court's order dismissing petitioners' civil action against respondents was the subject of a separate appeal pending before this Court, wherein the circuit court's dismissal was affirmed in a memorandum decision. *Smith v. Velotta Co. and Safety Caution Equip. Co.*, No. 14-1285 (W.Va. Feb. 12, 2016)(memorandum decision).

[3]Petitioners argued that they were permitted to file cross-claims against respondents because James Murdock and Barbara Murdock (plaintiffs in the underlying case) caused respondents to become "direct defendants" in this action. However, there is no indication in the record that the Murdocks ever filed an amended complaint or any request to cause respondents to become direct defendants in the underlying action.

[4]Consideration of materials outside of the complaint on a motion to dismiss for failing to state a claim upon which relief may be granted requires the motion "be treated as one for (continued . . .)

Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, [78 S.Ct. 99, 2 L.E.2d 80] (1957)." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977). With these principles in mind, we turn to a consideration of each of petitioners' arguments on appeal.

On appeal, petitioners assert five assignments of error. First, petitioners allege that the circuit court erred in dismissing their third-party complaint as the discovery rule tolled the applicable statute of limitations. Second, petitioners contend that the circuit court erred in failing to apply West Virginia Code § 55-2-15 to toll the statute of limitations, and in ignoring the controlling precedent of *Worley v. Beckley Mechanical, Inc.*, 220 W.Va. 633, 648 S.E.2d 620 (2007). Third, petitioners allege that the circuit court erred in dismissing the cross-claim filed by petitioners pursuant to West Virginia Code § 55-2-21 and Rule 13(g) of the West Virginia Rules of Civil Procedure. Fourth, petitioners argue that the circuit court erred in dismissing petitioners' third-party complaint as petitioners' claims were permissible under Rule 14(a) of the West Virginia Rules of Civil Procedure. Finally, petitioners contend that the circuit court erred by invading the province of the jury and weighing evidence inconsistent with the facts presented by petitioners, in violation of syllabus point five of *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009).

With respect to petitioners' first assignment of error, the record establishes that, in filing their third-party complaint against respondents, petitioners sought to recover monies for their personal injuries arising from the April 11, 2012, motor vehicle accident. Our law is clear that actions for personal injuries must be brought "within two years next after the right to bring the same shall have accrued." W. Va. Code § 55-2-12. It is without dispute that petitioners filed their third-party complaint against respondents on August 18, 2014, more than two years following the accident. Petitioners argue that they only "discovered" their possible claims against respondents after being contacted by an investigator (representing another party in a separate lawsuit arising from a separate accident) and that the circuit court erred in failing to apply the discovery rule to toll the running of the two-year statute of limitations.[5] This Court has held that

_____

summary judgment and disposed of under Rule 56 [of the West Virginia Rules of Civil Procedure]." Franklin D. Cleckley, Robin Jean Davis, and Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 12(b)(6), p. 393 (4th ed. 2012). Although the trial court's dismissal of petitioners' claims was technically a summary judgment dismissal, because the trial court considered materials outside the complaint in making its decision, our standard of review of that aspect of the dismissal is still de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*.")

[5]Petitioners contend that, on May 10, 2014, Mr. Smith was contacted by an investigator on behalf of another party who was reportedly injured in a separate motor vehicle accident that occurred in the same area of Route 19 as Mr. Smith's April 11, 2012, accident. Petitioners allege they did not know, and reasonably should not have known, the identity of respondents, or that (continued . . .)

3

"[i]n tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syllabus Point 4, *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997).

Syl. Pt. 3, *Dunn*. In syllabus point two of *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992), we stated that "[t]he 'discovery rule' is generally applicable to all torts, unless there is a clear statutory prohibition of its application." However, we have explained that "[o]nce the defendant shows that the plaintiff has not filed his or her complaint within the applicable statute of limitations, the plaintiff has the burden of showing an exception to the statute." *Worley*, 220 W.Va. at 638-39 n.7, 648 S.E.2d at 625-26 n.7 (citing Syl. Pt. 3, *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992), *overruled on other grounds* in *Dunn*, 225 W.Va. at 51-52, 689 S.E.2d at 263-64).

In syllabus point five, in part, of *Dunn* we established a five-step analysis to determine whether a cause of action is time-barred:

First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997). Fourth if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And, fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine.

*Dunn*, 255 W.Va. at 54, 689 S.E.2d at 266.

In the instant case, petitioners contend that Mr. Smith suffered an acute mental and physical disability as an immediate result of the April 11, 2012, accident, which prevented him

---

their conduct had a causal relation to Mr. Smith's injuries until they were contacted by the investigator.

from discovering respondents' identities or the fact that an alleged defective design of the construction area was a causal factor for the accident.[6] As such, they argue, the circuit court erred in failing to apply the discovery rule to toll the statute of limitations. Respondents argue that the purported medical evidence on which petitioners rely to establish Mr. Smith's inability to discern a potential cause of action simply does not support the conclusions petitioners seek to reach. Rather, Mr. Smith's proffered medical records demonstrate that he knew he was in an accident, and was able to give medical staff at two different facilities a coherent and accurate history. Respondents note that Mr. Smith's medical records indicate that he was discharged from the hospital on the day following the accident, and that there was a notation in his records within the ten months following the accident that he was remembering details about the accident. In summary, respondents contend that petitioners simply failed to proffer sufficient evidence to warrant the circuit court's application of the discovery rule.

Based upon our review of the record before us, we find no error in the circuit court's conclusion that the discovery rule is inapplicable to petitioners' claims herein. In syllabus point four of *Dunn* we held that

> [u]nder the discovery rule set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997), whether a plaintiff "knows of" or "discovered" a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.

*Dunn*, 255 W.Va. at 54, 689 S.E.2d at 266.

The record herein establishes that, at all times relative hereto, Petitioner Mr. Smith was aware of the fact that he was injured as a result of the April 11, 2012, accident, having reported the same to his medical providers immediately following the accident. Further, there is no evidence in the record below to suggest that petitioners were prevented in any manner from discovering the identities of respondents or that their involvement in the construction area where the subject accident occurred. Thus, we conclude, in accord with the circuit court's findings, that in the exercise of reasonable diligence, petitioners objectively should have known the identity of respondents and their alleged negligent conduct. Accordingly, we find no error in the circuit court's conclusion that the discovery rule is in applicable in this case.

In their second assignment of error, petitioners argue that the circuit court erred in failing to apply West Virginia Code § 55-2-15 to toll the statute of limitations, and in ignoring the controlling precedent of *Worley*.[7]

---

[6]As a result of the accident, Mr. Smith sustained a scalp laceration, a concussion, and suffered an alleged impairment of his memory.

[7]In its dismissal order, the circuit court found that petitioners did not "allege any facts in (continued . . .)

West Virginia Code § 55-2-15 provides that:

[i]f any person to whom the right accrues to bring any such personal action, suit or *scire facias*, or any such bill to repeal a grant, shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, . . . except that it shall in no case be brought after twenty years from the time when the right accrues.

In syllabus points three and four of *Worley* we held that:

The general purpose of W.Va. Code § 55-2-15 (1923) is to toll the commencement of the running of the statute of limitations so that the legal rights of infants and the mentally ill may be protected.

In order for mental illness to toll the commencement of the running of the statute of limitations pursuant to W.Va. Code § 55-2-15 (1923), the plaintiff must show that the interval between the tortious act and the resulting mental illness was so brief that the plaintiff, acting with diligence, could not reasonably have taken steps to enforce his or her legal rights during such interval.

*Worley*, 220 W.Va. at 638-39, 648 S.E.2d at 625-26.

Petitioners contend that Petitioner Mr. Smith's post-accident medical condition may fairly be characterized as mentally ill, mentally disabled, mentally incompetent, or insane. As such, petitioners contend that West Virginia Code § 55-2-15 is applicable to toll the statute of limitations in this case. Respondents argue that given the record before the circuit court, the court had no basis for finding that Petitioner Mr. Smith was insane or under a legal disability that would have prevented him from comprehending his legal rights and responsibilities for any period that would toll the statute of limitations for this case. We agree. It is clear from our review of the record below that petitioners make no allegations that Mr. Smith was insane. There is no evidence that during the time frame at issue that Mr. Smith had a legally appointed guardian or conservator, or that he was unable to care for himself. Mr. Smith's medical records are a testament to his ability to give his medical provider a competent history. As such, the circuit court did not err in dismissing petitioners' claim by finding that the same were not tolled by West Virginia Code § 55-2-15.

Next, petitioners argue that the circuit court dismissed their cross-claims against respondents without any discussion or justification and, in doing so, erroneously disregarded West Virginia Code § 55-2-21 and Rule 13(g) of the West Virginia Rules of Civil Procedure.

---

their Third-Party Complaint which would support the possibility that the statute of limitations for [petitioners'] claims is tolled by West Virginia Code § 55-2-15."

West Virginia Code § 55-2-21 provides that

> [a]fter a civil action is commenced, the running of any statute of limitation shall be tolled for, and only for, the pendency of that civil action as to any claim which has been or may be asserted therein by counterclaim, whether compulsory or permissive, cross-claim or third-party complaint: Provided, that if any such permissive counterclaim would be barred but for the provisions of this section, such permissive counterclaim may be asserted only in the action tolling the statute of limitations under this section. This section shall be deemed to toll the running of any statute of limitation with respect to any claim for which the statute of limitation has not expired on the effective date of this section [July 6, 1981], but only for so long as the action tolling the statute of limitations is pending.

Rule 13(g) of the West Virginia Rules of Civil Procedure provides that

> [a] pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Petitioners argue that they properly filed their cross-claims against respondents as an alternative pleading and contend that the circuit court dismissed their cross-claims against respondents without any discussion or justification.[8] Respondents argue that there was never any proper procedure exercised (under the Rules of Civil Procedure or otherwise) to permit petitioners to file their cross-claims against respondents.[9] Respondents argue further that because petitioners have conceded their cross-claims against respondents were an "alternative" approach to having personal injury claims pled in a case where the statute of limitations had expired, the disposition of the cross-claims was then interchangeable with dismissal of the claims asserted in the third-party complaint, and the circuit court treated them as such.

In syllabus point nine of *J.A. Street & Associates. v. Thundering Herd Development, LLC,* 228 W.Va. 695, 724 S.E.2d 299 (2011), we addressed the propriety of cross-claims and the manner to determine if a cross-claim was, in actuality, an independent cause of action. We found that:

---

[8]In its February 11, 2015 dismissal order, the circuit court ruled that respondents' motions to dismiss petitioners' cross-claims "which set forth the same personal injury claims as contained in the [t]hird-[p]arty [c]omplaint, are [granted] and the [c]ross-[c]laim is also dismissed with prejudice."

[9]*See* fn. 3 *supra.*

7

[t]o determine whether a cross-claim arises out of the same transaction or occurrence as the original action, there are three nonexclusive actors to be considered: (1) the identity of facts and law between the initial claim and the cross-claim; (2) the mutuality of proof and whether substantially the same evidence will support or refute both the complaint and the cross-claim; and (3) the logical relationship between the original claim and the cross-claim.

Based upon our review of the record, we find no error in the circuit court's dismissal of petitioners' cross-claims against respondents. We initially note that petitioners proffer no evidence to support that their cross-claims were properly filed. Such claims, even by petitioners' own admissions, were simply an alternative pleading to petitioners' third-party complaint. Despite this fact, applying the test outlined in *J.A. Street*, as the identity of the facts and law between the initial claim (the Murdocks' claims against petitioners) and the cross-claim (petitioners' claims against respondents) are different and will require different evidence to support or refute both the claim and the cross-claim, we find that the circuit court did not err in dismissing petitioners' cross-claims.

Fourth, petitioners argue that the circuit court erred in dismissing petitioner's third-party complaint as petitioners' claims were permissible under Rule 14(a) of the West Virginia Rules of Civil Procedure. Rule 14(a) provides, in part, that

[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff.

In its February 11, 2015, order, the circuit court reasoned that petitioners' tort claims were not derivative of Mr. and Mrs. Murdock's original claim and, therefore, should not be the subject of a third-party complaint. As such, it was improper for petitioners to institute a third-party claim against respondents in the instant case.

Petitioners argue that under *Cava v. National Union Fire Insurance Co. of Pittsburgh*, 232 W.Va. 503, 753 S.E.2d 1 (2013), their third-party complaint against respondents was proper. In *Cava*, this court established five factors to consider when determining the appropriateness of a third party complaint, which include: (1) potential prejudice to the original plaintiff or third party defendant; (2) whether a third-party complaint would delay or unduly complicate the trial; (3) the timeliness of the motion; (4) judicial efficiency; and (5) whether the proposed third-party complaint states a claim upon which relief can be granted. Petitioners argue that neither the Murdocks or respondents would be prejudiced by the third-party complaint, nor would said complaint delay or unduly complicate the trial or negatively impact judicial efficiency.

Respondents argue that if the court permitted petitioners to proceed with their third-party complaint that decision would prejudice the parties and cause delay and undue complications. In filing their third-party complaint in this case, petitioners occasioned a long delay in the litigation and removal of the focus of the case from the Murdocks injury claims to those of petitioners. If the Murdock case proceeds with petitioners' personal injury and ancillary claims still pending,

the trial, unless bifurcated, will require the jury to make complex determinations regarding two separate damage claims, and attribution of negligence and proximate cause as to both petitioners and the Murdocks' respective claims simultaneously.

Based upon our review of the record herein, we agree with respondents. Because petitioners' personal injury claims are not proper as third-party claims we find that the statute of limitations on those claims is not tolled. Accordingly, the circuit court did not err in dismissal of these claims.

Finally, in their fifth assignment of error, petitioners contend that the circuit court erred by invading the province of the jury and weighing evidence inconsistent with the facts pled in petitioners' complaint or presented by petitioners in answer to respondents' motions to dismiss, in violation of syllabus point five of *Dunn*. Primarily, petitioners argue that the circuit court made no findings of fact or conclusions of law, which address or even mention critical evidence of Mr. Smith's mental incapacity in making its determination of applicability of the discovery rule. Further, petitioners are critical of a number of the circuit court's findings of fact and conclusions of law in the circuit court's dismissal order.[10] Respondents argue that the circuit

---

[10]Petitioners take issue with following findings of fact and conclusions of law:

1) Finding of fact No. 9, in which the circuit court found that the third-party complaint did not assert any grounds for an extension of the statute of limitations. Petitioners contend this finding is incorrect in that they did assert grounds for an "extension" of the statute of limitations.

2) Finding of fact No. 10, in which the circuit court found that Petitioner David Smith's medical records clearly demonstrate that Mr. Smith had knowledge of the accident, the manner in which it occurred, and the fact that he was injured as a result. Petitioners argue that this finding did not accurately reflect the factual record before the court;

3) Conclusion of law No. 4, in which the circuit court cites *McCoy v. Miller*, 213 W.Va. 161, 578 S.E.2d 355 (2003). Petitioners argue that the passage cited by the court is an incomplete statement of applicable law;

4) Conclusion of law No. 6, which includes the statement that petitioners "do not allege that they were prevented from discovering the identity of [respondents] in any way." Petitioners contend this statement is incorrect in that the medical evidence submitted to the circuit court substantiates that traumatic injuries sustained in the accident prevented petitioner from discovering respondents' identities;

5) Conclusion of law No. 7, in which the circuit court cites Syl. Pt. 5 of *Dunn*. Petitioners object because the circuit court's cite does not include the last sentence of the syllabus point;

(continued . . .)

court's findings of facts and conclusions of law are supported by the record and the precedent of this court.

In Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000), we held that

[i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of

---

6) Conclusion of law No. 10. In this conclusion of law, the circuit court finds that Petitioner David Smith was aware at the time of the accident that he was claiming to have had difficulties with the temporary traffic control pattern (as petitioner's Fayette County civil action against respondents included the description that the accident occurred in a construction zone when Mr. Smith "was confronted with a sudden stoppage of traffic)." Petitioners argue that they have clearly demonstrated that there is absolutely no evidence supporting this conclusion of law;

7) Conclusion of law No. 11 in which the circuit court notes that Petitioner David Smith was contacted by an investigator working for another party in a separate lawsuit was objective evidence that petitioners should have known the elements of a possible cause of action existed, as the fact that petitioners in the other case were able to assert their theories of liability within the thirteen months following the date of their accident. Petitioners contend that this conclusion of law did not address any injuries to petitioner's memory or mental capabilities;

8) Conclusion of law No. 13. In this conclusion, the court finds that there is no other tolling doctrine that would have arrested the statute of limitation period, and petitioners do not identify any such other doctrine. Petitioners contend that West Virginia Code § 55-2-12 (general saving as to persons under disability) arrests the statute of limitation period applicable herein;

9) Conclusion of law No. 14. In this conclusion, the circuit court addresses West Virginia Code § 55-2-12. Petitioner is critical of this conclusion of law, as the court failed to set forth West Virginia Code § 55-2-12, in its entirety;

10) Conclusion of law No. 15. In this conclusion, the court, citing Rule 14 of the West Virginia Rules of Civil Procedure finds that petitioners' personal injury claims are clearly not claims for which petitioners are or may be liable to the Murdocks, and may not properly be brought as a third-party claim. As such, the statute of limitations is not tolled as to petitioners' personal injury claims against respondents.

reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Based upon our review of the record below, we find no error. The findings of fact and conclusions of law made by the circuit court are supported by the record and are legally sound. The record herein establishes that the petitioners knew that Mr. Smith was involved in an accident on the day the accident occurred, knew he was injured on the day of the accident, and objectively should have known of the identities and involvement of the respondents. Accordingly, the circuit court did not err in its dismissal of the action.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 12, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis