IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

April 29, 2025

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

JOANNE M. PLYBON,
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-371**          (Cir. Ct. Harrison Cnty. Case No. CC-17-2023-C-264)

**UNITED HOSPITAL CENTER,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Joanne M. Plybon appeals the Harrison County Circuit Court's August 15, 2024, order which dismissed her complaint for failure to properly effect service on Respondent United Hospital Center ("United"). United timely filed a response in support of the circuit court's order. Ms. Plybon filed a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 4, 2023, Ms. Plybon filed her complaint against United.[2] According to the complaint, Ms. Plybon was employed by United as a nurse starting in 2003. In 2021, Ms. Plybon voiced concerns about United's Covid-19 restrictions to the CEO of United's parent corporation. As a result, the complaint alleged, United began aggressively retaliating against Ms. Plybon, ultimately resulting in her termination on December 14, 2021.

On July 3, 2024, United filed its motion to dismiss on the basis that, despite the complaint being filed on December 4, 2023, Ms. Plybon did not serve United until May 31, 2024, well after the 120-day period prescribed by Rule 4 of the West Virginia Rules of Civil Procedure. Thereafter, Ms. Plybon filed her response to the motion which noted that she originally retained Klie Law Offices to represent her but was later informed that they were unable to do so. As a result, she contacted several attorneys who were unable to

---

[1] Ms. Plybon is self-represented. United is represented by Jacqueline L. Sikora, Esq., and David R. Stone, Esq.

[2] The complaint asserted one cause of action for violation of the Patient Safety Act.

1

represent her on short notice but allegedly advised her to file her complaint by herself. Ms. Plybon asserted that when she filed the complaint, she asked the circuit clerk's office not to have the complaint served at that time.

The circuit court held a hearing on the motion to dismiss on August 1, 2024. Following the hearing, on August 15, 2024, the circuit court issued its Order Dismissing Case Without Prejudice. In that order, the circuit court noted that although Ms. Plybon was self-represented, she was still responsible for following the applicable rules. The circuit court then concluded that Ms. Plybon failed to serve United within 120 days of filing her complaint. The circuit court reasoned that although she asserted that she failed to timely serve United because she misunderstood the rule, inadvertence, misunderstanding, or ignorance of the rule was not a basis to establish good cause to extend the time for service. Accordingly, the circuit court dismissed Ms. Plybon's complaint without prejudice.[3] It is from this order that Ms. Plybon appeals.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

---

[3] In regard to the finality of such an order, the Supreme Court of Appeals of West Virginia has held that, **"**[i]f the effect of a dismissal of a complaint is to dismiss the action, such that it cannot be saved by amendment of the complaint, or if a plaintiff declares his intention to stand on his complaint, an order to dismiss is final and appealable." Syl. Pt. 1, *Pittsburgh Elevator Co. v. West Virginia Bd. of Regents,* 172 W.Va. 743, 310 S.E.2d 67 (1983). Here, the dismissal is final and appealable because it is apparent that Ms. Plybon's complaint could not be saved by amendment as it was the failure to effect service and not the substance of the complaint that was deemed defective. *See Bowers v. Wurzburg*, 205 W. Va. 450, 456, 519 S.E.2d 148, 154 (1999).

On appeal, Ms. Plybon generally asserts that the circuit court erred in dismissing her complaint.[4] We disagree. Rule 4(k) of the West Virginia Rules of Civil Procedure[5] states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Here, it is undisputed that Ms. Plybon failed to serve United within 120 days of filing her complaint as required by Rule 4. Nevertheless, Ms. Plybon asserts that good cause exists to allow for extension of the time for service because she thought the time to effectuate service was within 180 days of filing her complaint. However, as the circuit court concluded, "mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden do not constitute good cause under Rule 4[.]" *Estate of Hough by Lemaster v. Estate of Hough by Berkeley County Sheriff,* 205 W. Va. 537, 542, 519 S.E.2d 640, 645 (1999). Therefore, after careful consideration, this Court concludes that the circuit court did not err in dismissing Ms. Plybon's complaint without prejudice pursuant to Rule 4.[6]

---

[4] The Court notes that Ms. Plybon asserts an assignment of error for ineffective assistance of counsel, despite the fact that it appears that she was never represented in the proceedings below. However, Ms. Plybon does not cite to the record to demonstrate how this issue was presented to the circuit court and does not otherwise adequately brief the issue. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Under this Rule, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." W. Va. R. App. P. 10(c)(7). Further, non-jurisdictional questions not raised at the circuit court level, but raised for the first time on appeal, will not be considered. *Whitlow v. Bd. of Educ. of Kanawha County*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993). Accordingly, the Court disregards this assignment of error.

[5] We refer to the version of Rule 4 in effect during the underlying proceedings. The newest revisions to the Rules became effective January 1, 2025. Under the current version, Rule 4(i) would govern this issue.

[6] The Court notes that Ms. Plybon may benefit from the savings statute, West Virginia Code § 55-2-18(a) (2001), which provides that, within one year, a party "may refile the action if the initial pleading was timely filed and . . . [t]he action was involuntarily

Therefore, we affirm the circuit court's August 15, 2024, order.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

dismissed for any reason not based upon the merits of the action[.]" *See also Cava v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 232 W. Va. 503, 511, 753 S.E.2d 1, 9 (2013) (When calculating the time to refile an action under West Virginia Code § 55-2-18(a), "the period during the pendency of this appeal should not be computed in applying the statute of limitations.").